462 P.2d 407

**F. H. GENDA, Appellant,**

v.

**Olive V. GENDA, Appellee.**

**No. 2 CA–CIV 750.**

Court of Appeals of Arizona,
Division 2.

Dec. 19, 1969.

Rehearing Denied Jan. 7, 1970.

Cusick, Watkins & Stewart, by Frank H. Watkins, Tucson, for appellant.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellee.

HOWARD, Judge.

This is an appeal from the aftermath of the decision in Genda v. Superior Court, County of Pima, 103 Ariz. 240, 439 P.2d 811 (1968), wherein the court held inter alia, that the obligation of a father to support his child may extend beyond the child's majority when the obligation is the result of a contractual agreement incorporated into the decree of divorce.

The appellant-defendant is the natural father of the child in question, Ned. The appellee-plaintiff is the ex-wife of appellant and the natural mother of Ned, of whom she has custody by virtue of the divorce decree entered on March 23, 1961.

Expressly approved and incorporated in the judgment was a property settlement agreement entered into by the appellant and appellee dated September 1, 1960. Among other things the agreement provided that:

\*   \*   \*   \*   \*   \*

"5.  Husband shall pay, by way of support  \*  \*  \*  the amount of ONE HUNDRED FIFTY DOLLARS ($150.-00) per month until such time as the younger child, NED GENDA, shall attain the age of twenty-one (21) years; provided, that due to the *infirm* physical condition of NED GENDA, there shall be a medical evaluation of his condition upon his attaining. majority; and if he is unable to support himself, support pay-

ment shall continue. * * * (Emphasis added.)

\* \* \* \* \* \*

7. * * * the parties hereto agree that they shall be bound forever by all the terms of this Agreement. * * *

\* \* \* \* \* \*

10. The parties further covenant and agree that all the provisions hereof shall be controlled by, and interpreted under, the laws of the State of Arizona. * *"

\* \* \* \* \* \*

In Genda v. Superior Court, County of Pima, the court indicated that the only questions yet to be determined by the trial court were whether the agreement of the parties was efficacious in creating an enforceable obligation upon the appellant and whether in a hearing, the appellee can show that the son is incapable of supporting himself. The trial court decided these issues by awarding to the appellee the sum of $100.00 per month commencing January, 1969, for Ned's support together with attorneys' fees and court costs. The court also ordered the appellant to pay back support in the sum of $80.00 per month for the period January, 1967 through December, 1968. The appellant appeals from this judgment.

■ The appellant first asserts that the property settlement agreement was not "efficacious" because the parties now live in Indiana under the "grouping of contracts," there are not now enough "minimum contacts" with the State of Arizona, and that the assumption of jurisdiction by the lower court over appellant and the subject matter constitutes lack of due process. This question has already been adversely decided in Genda v. Superior Court, County of Pima, supra, wherein the court stated:

" * * * Having incorporated the agreement of the parties into the divorce decree, the jurisdiction of the superior court continued to enforce the decree and to do full and complete justice between the parties."

This argument is therefore without merit. There is no suggestion in the evidence or in appellant's brief that the property settlement agreement was not binding on the parties. The real issues are: (1) What is meant by the phrase in the agreement, " * * * if he is unable to support himself * * *" and (2) Is Ned unable to support himself?

■ The testimony and evidence introduced in the lower court established that Ned Genda became twenty-one years of age on September 7, 1966. He has been mentally retarded since birth. On June 4, 1966, Ned was examined by Dr. Earl W. Mericle, a neuro-psychiatrist, who off and on has treated Ned since 1948. Dr. Mericle testified that when he first examined the boy, he was "mildly convulsive," that the boy over the years "became more and more unable to compete, and for that reason he was sent to Devereux School, which is a school for mentally retarded people." He further stated that for the last five years, when Ned was between fifteen and twenty years of age, the boy was at Crossroads Rehabilitation Center of Marion County, Indiana, and he was trained in some work. Dr. Mericle further stated:

"Q * * * In what categories did he gain any degree of proficiency whatever?

A He gained very little except in the area of the training of purely mechanically done tasks such as what he now is doing, helping in kitchens at the Community Hospital in Indianapolis.

Q Again is that a sheltered environment and sheltered type of job that he is in at this time?

A Yes."

The appellee-wife testified among other things that the boy requires a sheltered environment, both in the work and home areas; that he is unpredictable and at times of a very obstinate disposition; that he has little sense of the time element required in daily life; that he cannot make or count change; that he must be drilled carefully and thoroughly whether it's what bus to take to where or what he has to do at work; that he cannot read and uses landmarks and other signs or symbols to

guide him; that he has damaged vision; that he must be given the exact amount of the bus fare; that he carries a dime with him all the time so that if he takes the wrong bus or gets lost for any reason, he can call his mother to come and get him; that he lacks reason and judgment and if pressed he goes to pieces; that he is easily disturbed emotionally; that he is helpless in many ways; that his daily needs must be tended to by her and he must be sheltered in order for him to be able to work in any capacity at all.

With regard to the boy's earnings, the appellee's uncontroverted testimony was that his average earnings were approximately $302.00 or $308.00 per month; that he requires approximately $450.00 to $475.-00 per month to pay his living expenses; that for about a five month period in 1968 he was earning $453.00 per month, which sum represented substantial overtime payments and further represented a temporary situation (He was filling in for some persons who were dismissed.); that he requires a sheltered work environment and sympathetic bosses.

Even if we take the boy's earnings as $453.00 per month, which is most favorable to the appellant, this leaves him a net of $350.00. Since the testimony is that he requires $450.00 per month to live on, then he needs $100.00 per month more. Thus, we find that there was sufficient evidence to support the trial court's judgment of February 19, 1969, awarding support in the sum of $100.00.

Where there is conflicting evidence, this court will not substitute its opinion, with regard thereto, in place of the trial court's opinion, and the evidence will be viewed in a manner most favorable to the appellee. If there is reasonable evidence to support the judgment of a lower court, we will sustain the judgment. Rossi v. Stewart, 90 Ariz. 207, 367 P.2d 242 (1961).

Furthermore, the findings of fact made by a trial court will not be set aside unless they are clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses before it. Rossi v. Stewart, supra.

■ The appellee has asked us to award her attorneys' fees and appeal costs. Her motion for attorneys' fees and appeal costs was denied by the trial court. The trial court is the proper forum for assessment of attorneys' fees and costs on appeal. Warren v. Warren, 92 Ariz. 390, 377 P.2d 321 (1963).

During the pendency of this appeal, the appellee petitioned this court to set aside the order of the trial court denying attorney fees on appeal. We considered the matter at that time and denied the relief requested on the grounds that there was no showing of abuse of discretion on the part of the trial court. Appellee has presented nothing new on appeal. We therefore come to the same conclusion.

Judgment is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.