Daniel W. ERB, Appellant (Plaintiff below),

v.

Karen Lorraine ERB, Appellee (Defendant below).

No. 4712.

Supreme Court of Wyoming.

Jan. 24, 1978.

Richard C. Wolf and Ron P. Arnold, Legal Services for Laramie County, Cheyenne, and John Green, law student intern, for appellant.

Dennis M. Grant, Osborn & Grant, Cheyenne, and William Harden, law student, for appellee.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Frank R. Chapman, Asst. Atty. Gen., and Shirley Kingston, Cheyenne, for amicus curiae State of Wyoming.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

McCLINTOCK, Justice.

Daniel W. Erb appeals from an order of the district court of Laramie County, Wyoming, finding him in contempt for failure to make child support payments as required in a divorce decree dated and entered in that court on March 20, 1975. Appellant's principal complaint is that the district court has ignored the provisions of Rule 17(a), W.R. C.P. requiring an action to be prosecuted in the name of the real party in interest. We believe that disposition of the appeal is governed by the provisions of Rule 25(c), W.R. C.P., relating to the transfer of interests and substitution of parties,[1] and on the basis thereof, and authorities applicable thereto, affirm the action of the trial court.

The facts are brief. On January 27, 1976, and effective as of February 1, 1976, Karen L. Moore (Karen Lorraine Erb in the divorce proceedings) executed an instrument entitled "Assignment of Rights to Support, Pursuant to Title IV of the Social Security Act as Amended" wherein she assigned to Wyoming Division of Public Assistance and Social Services and to Laramie County Department of Public Assistance and Social Services,

"All the support rights (accrued, pending and continuing) which I have against Daniel W. Erb * * * for support of Michael S. Erb, for whom I, Karen L. Moore, am applying for and receiving public assistance and care."

On February 9, 1976, some 13 days after the execution of the assignment, she filed motion in the divorce action seeking to have

1. More extensive reference will be hereinafter made to each of these rules.

Erb held in contempt for failure to make payments for the months of November and December, 1975, and January, 1976. The existence of the assignment was brought out in cross-examination of Mrs. Moore at the hearing on the motion, and at the close of her evidence, Erb, who had been the plaintiff in tne original action,

> "moved that Defendant, because of her assignment of child support rights to the State of Wyoming, lacked standing and interest to bring the present action." [2]

The trial court treated this motion as one to dismiss and finding that such assignment had been effected, denied the motion, found that there was presently due and unpaid the sum of $200 ($50.00 per month for four months), for which amount it awarded judgment against Erb in favor of Mrs. Moore, and further ordered "that the Plaintiff is found to be in contempt of Court for failure to pay support pursuant to the Decree of this Court."

Erb filed notice of appeal and now claims in this court that his motion for dismissal should have been sustained, principally relying upon Rule 17(a), W.R.C.P.[3] and citing the previous decision of this court in *Wyoming Wool Marketing Association v. Urruty,* Wyo., 394 P.2d 905, 907 (1964), wherein we held that the requirement of Rule 17(a) was jurisdictional, citing *Gardner v. Walker,* Wyo., 373 P.2d 598 (1962), and therefore sustained dismissal of the original action, even though the objection to parties was made for the first time upon appeal of the case.

Both parties to this appeal refer extensively to the federal Social Security Act and provisions thereof relative to taking assignments of rights of a custodial parent to receive payments from the other parent,[4] and reference is also made to provisions of the Wyoming laws putting into effect the responsibilities imposed by the federal act.[5] The Attorney General of the state sought and obtained permission to file a brief as *amicus curiae,* in which brief the problems of administering the act and securing compliance with child support decrees are discussed at length. But no party or friend of the court has cited Rule 25(c), W.R.C.P. which provides in pertinent part that:

> "(c) *Transfer of Interest.* In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. * * *"

Rule 25(c) is identical with Rule 25(c), F.R. C.P. Concerning that rule, it is said in 3B Moore's Federal Practice (2d Ed.) ¶ 25.08, p. 25–321:

> "Subdivision (c) of Rule 25 deals with transfers of interest during the course of the action. The situation with which it is concerned may be compared and contrasted to that obtaining where a transfer of interest, such as by an assignment, takes place *prior* to the commencement of the action. In the latter situation Rule 17 controls and requires that the action shall be prosecuted in the name of the real party in interest. But where the transfer of interest takes place *during the course*

---

**2.** This quotation is from an agreed statement of the facts stipulated to by counsel for the parties. No transcript was made of the proceedings.

**3.** Rule 17(a), W.R.C.P. provides in pertinent part:

> "(a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitu-

tion of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

While Erb raised this rule in the trial court, he made no attempt to secure ratification, joinder or substitution of the state and county authorities whom he claims were the real parties in interest.

**4.** Public Law 93–647, 42 U.S.C. §§ 602(a)(26), 654(6), 657.

**5.** Ch. 221, S.L. of Wyoming 1971, §§ 42–1 through 42–36, W.S.1957, 1975 Cum.Supp.

*of the action,* Rule 25(c) controls and provides that the action may be continued by or against the original party whose interest has been transferred, unless the court, upon motion, directs that the person to whom the interest has been transferred be substituted in the action, or joined with the original party. Whether or not substitution or joinder is ordered under Rule 25(c), this does not affect the respective substantive rights of the transferor or transferee pendente lite and it is entirely a matter of convenience. Thus, if a motion for substitution under Rule 25(c) is made, the disposition of the motion depends on the sound discretion of the trial court, taking into account the exigencies of the situation. The court, in the exercise of its discretion, may find it more convenient that the original party, who in this situation is held able to continue the action, do so without making the transferee a party."

It is said in 7A Wright and Miller, Federal Practice and Procedure: Civil § 1958, pp. 664–665:

"The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination of the trial court that the transferee's presence would facilitate the conduct of the litigation." [6]

Mrs. Moore's motion was filed in the original divorce proceeding, consistently with the usual procedure in such cases and it can hardly be said that it was the institution of an action. Section 20–61, W.S.1957 permits the court from time to time to revise and alter the decree as to provisions concerning child custody and support, and in *Strahan v. Strahan,* Wyo., 400 P.2d 542 (1965), which grew out of a request for citation of a husband for contempt for nonpayment of support, the power of the court to consider such matters is referred to as a "continuing jurisdiction."

In 24 Am.Jur.2d, Divorce and Separation § 862, p. 981, we find this pertinent statement:

"An application to enforce the provisions of a decree in an action for a divorce concerning the support of a child is a supplementary proceeding incidental to the original suit. The court has a continuing jurisdiction in this respect. * * *

"A wide variety of remedies is available to a mother to enforce a decree for child support. The most common method of enforcement is a contempt proceeding. * * *"

Obviously, the trial judge was not impressed with Erb's contentions concerning the necessity of having the state authorities in the suit and no attempt was made by Erb to comply with even the provisions of Rule 17(a) which require that before the action be dismissed the absent party be brought in. Nor are we impressed with Erb's argument that he needs protection from double exposure upon the support liability. All that he needs to do is make the payments through the office of the clerk of the court and he has complete protection.

We find no error in the denial of Erb's motion to dismiss, and therefore affirm.

---

**6.** Supporting the statement of these texts are: *Hilbrands v. Far East Trading Company, Inc.,* 509 F.2d 1321, 1323 (9 Cir. 1975): "Here the transfer occurred when Mrs. Hilbrands received her award from the Commission, which event occurred after the suit had been commenced. Thus Rule 25(c) governed."; *Veverica v. Drill Barge Buccaneer No. 7,* 488 F.2d 880, 886 (5 Cir. 1974), holding Rule 25(c) rather than Rule 17(a) applicable where the assignment was executed after the action was filed; *Unison Realty Corporation v. RKO Theatres, Inc.,* 35 F.R.D. 232, 233 (S.D.N.Y.1964), where it is said that Rule 17(a) "may control as to the commencement of an action but Rule 25(c) controls where transfer is made during the pendency of an action."