**Susan Elaine RODGERS, Appellant (Defendant),**

v.

**John James RODGERS, Appellee (Plaintiff).**

**No. 5436.**

Supreme Court of Wyoming.

May 14, 1981.

\*   \*   \*   \*   \*   \*

**1382**

William V. Eichelberger of Hill & Eichelberger, Riverton, for. appellant.

Larry D. Sorrell, Riverton. for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant (hereinafter referred to as wife) and appellee (hereinafter referred to as husband) were divorced by virtue of a decree of the Superior Court for the State of Alaska, Third Judicial District, dated November 6, 1979. Wife was given care, custody and control of the two minor children and was awarded $100.00 per month per child for their support. On August 13, 1980, husband filed a petition for modification of the decree in the District Court, Ninth Judicial District, County of Fremont, Wyoming. In it and in a supporting affidavit, he alleged that the minor children had lived with him in Riverton, Wyoming, since December 12, 1979, and that wife had expressed her desire to have custody of them transferred to husband. He requested that he be given care, custody and control of the children.

The petition and summons were served on wife in Pinellas County, Florida, on September 2, 1980, and an answer to the petition was filed September 19, 1980. Such answer reflected a willingness to have custody changed to husband "provided reasonable visitation arrangements and cooperation between the natural parents for communication between the children and Defendant are agreed to." The answer was signed by wife and by Bonnie S. Newton as attorney for wife. An address for wife was not given; the address for the attorney was one in Seminole, Florida.

On October 8, 1980, husband requested the district court to set a time for hearing the matter and on October 9, 1980, the hearing was set for October 14, 1980. The record does not reflect that wife was advised of the setting.

On October 28, 1980, a modification decree was filed. It changed custody and control of the children to husband, provided that wife could visit the children in husband's home under his "direct supervision" at reasonable times and for reasonable lengths of time, and it awarded husband $100.00 per month per child for support of the children. The order was premised by the following:

"This matter was heard by the Court on October 14, 1980, the Honorable Robert J. [sic] Ranck presiding. Petitioner, John James Rodgers, appeared in person and by his attorney, Larry D. Sorrell. The Court took note of the fact that Defendant, Susan Rodgers, purported to make an appearance in this action by causing an Answer, bearing her signature and the signature of Florida attorney, Bonnie S. Newton, to be filed with the Court; but ruled that Defendant's answer was insufficient due to the fact that Bonnie S. Newton is not authorized to practice before the District Courts of the State of Wyoming. The Court then ordered Petitioner's attorney to file a Motion for Entry of Default and on the basis of evidence presented * * *."

Appellant words the issues presented here for review as follows:

"A. By striking Appellant's Answer and requiring Appellee to enter default, did the Court below violate Appellant's rights under Rules 1 and 11, Wyoming Rules of Civil Procedure, and Article I, Section 6 of the Wyoming Constitution?

"B. Was the order of the Court below requiring the Appellant to pay the sum of $200.00 per month as and for child support an abuse of discretion in that there could have been no competent evidence of Appellant's financial ability to pay?

"C. Were Appellant's rights to be heard under Section 20-5-106, Wyoming Statutes 1977, violated in that the hearing was set for and had only five days after the application for hearing was made?"

We hold that the district court did not have jurisdiction to award child support to husband, and we modify the decree to de-

lete such award. We affirm the other actions taken by the district court.

## IMPROPRIETY OF ANSWER

■ The trial court entered its decree on the basis of a default by wife in failing to answer the petition. It would not recognize the answer attempted by the Florida attorney. Rule 11, W.R.C.P. reads in pertinent part:

"(a) * * * Every pleading of a party represented by an attorney shall be signed in his individual name by at least one (1) attorney of record, licensed to practice in this state, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address. * * * "

Appellant does not contest the fact that the answer was not in conformance with the requirements of Rule 11, but she argues that the violation of that rule was technical only. She acknowledges that Bonnie S. Newton was not licensed to practice law in Wyoming and that the pleading was not signed by appellant as "pro se" and did not set forth her address as required. Her argument that such should not have resulted in the entry of a default is summarized in the following quotation from 5 Wright & Miller, Federal Practice and Procedure: Civil § 1334, pp. 501–502:

"A failure to sign is a mere technical defect. Accordingly, in view of the basic policy of the federal rules to adjudicate actions on their merits rather than on procedural niceties, a motion to dismiss or to strike under this rule should not be granted unless the moving party has been severely prejudiced or misled by the pleader's failure to sign. It is highly unlikely that a party will be able to show sufficient prejudice to justify dismissal. Moreover, the liberal philosophy of Rule 15 seems to encourage the court's giving leave to amend to correct a failure to sign a pleading. * * * " (Footnotes omitted.)

However, it is there then noted that the court has "extensive discretion" in the matter. We have said:

"A court does not abuse its discretion unless its act in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * * " *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

In this instance, there was a failure to comply with one of the Rules of Civil Procedure. This is not a case in which a local attorney was engaged but had neglected to sign a pleading with an out-of-state attorney, or where a party was acting pro se and without assistance of counsel. See *North Laramie Land Co. v. Hoffman*, 26 Wyo. 327, 184 P. 226 (1919), reh. granted 27 Wyo. 271, 195 P. 988 (1921). We cannot say that the district court abused its discretion.

## JURISDICTION TO AWARD CHILD SUPPORT

■ Inasmuch as wife's answer was ineffective and a default was entered against her, the trial court did not have in personam jurisdiction over her. An order for child support cannot issue without in personam jurisdiction.

"Orders for child support, being of the traditional in personam variety, must be based upon personal service within the jurisdiction * * *." Clark on Domestic Relations, § 15.1, p. 489.

See Annotation: Necessity of personal service within state upon nonresident spouse as prerequisite of court's power to modify its decree as to alimony or child support in matrimonial action, 62 A.L.R.2d 544; 24 Am.Jur.2d Divorce and Separation, § 828; Keezer on Marriage and Divorce (3rd Ed.), § 729.[1] The necessity of in personam juris-

---

1. The requirement of in personam jurisdiction is not in conflict with the situation in which a party invokes the jurisdiction of the court by instituting action against a party served in this state pursuant to the Uniform Enforcement of Foreign Judgments Act, § 1–17–701, W.S.1977 et seq. See *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244 (1976).

diction to impose the duty to support is recognized in Wyoming's version of the Revised Uniform Reciprocal Enforcement of Support Act, § 20–4–101, W.S.1977, et seq.

█ Nor does the Uniform Child Custody Jurisdiction Act, § 20–5–101, W.S.1977, et seq. confer jurisdiction to award child support. Jurisdiction conferred in § 20–5–104 of that Act pertains to "custody determination" only. "Custody determination" is defined in § 20–5–103(a)(ii) as:

> " * * * a court order and instructions providing for the custody of a child including visitation rights, *but does not include a decision relating to child support or any other monetary obligation of any person * * *.*" (Emphasis added.)

The proceedings in this case were pursuant to the jurisdiction conferred by this act. The arguments of both parties have reference to it.

Accordingly, the district court did not have jurisdiction to award child support to husband. This holding makes it unnecessary for us to consider the second issue presented by appellant, i. e. was there sufficient evidence to support the award to husband of $200.00 per month for child support?

## SUFFICIENCY OF NOTICE FOR HEARING

█ Wife argues that § 20–5–105, W.S. 1977 (part of the Uniform Child Custody Jurisdiction Act) requires giving of twenty days' notice of the time set for hearing. Such section reads:

> "Before making a decree under this act reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of the child. If any of these persons are outside this state notice and opportunity to be heard shall be given pursuant to W.S. 20–5–106."

Section 20–5–106, W.S.1977 refers to "notice required for the exercise of jurisdiction" and "proof of service." Section 20–5–106(b) reads:

> "(b) Notice under this section shall be served, mailed, delivered or last published at least twenty (20) days before any hearing in this state."

The petition in this matter was served on wife on September 2, 1980, more than the required twenty days. It is true that the setting of the hearing was made only five days before the date of the hearing, but the court was proceeding on the basis of a default in appearance. Notice of a hearing is not normally given to parties in default.

The decree of the district court is affirmed except for the award of child support. It is modified to delete such award.