**Sandra J. GRAHAM, f/k/a Sandra Fenno, Appellant (Plaintiff),**

v.

**Thomas J. FENNO, Appellee (Defendant).**

**No. 86–308.**

Supreme Court of Wyoming.

April 1, 1987.

John W. Davis of Davis, Donnell, Worrall & Bancroft, P.C., Worland, for appellant.

No appearance by appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This appeal involves a contempt proceeding for nonpayment of child support. The district court which granted the parties a divorce in 1971 dismissed this claim for the delinquent support payments because it

found lack of in personam jurisdiction over the defendant.

We will reverse.

The parties, Sandra J. Graham (formerly Sandra J. Fenno) and Thomas J. Fenno, were divorced in Hot Springs County, Fifth Judicial District Court, on November 3, 1971. In that action, Mr. Fenno was personally served, accepted service of process, and entered his appearance. He consented to the court's jurisdiction and waived notice of the time and place of a hearing.

The parties entered into, and both signed, a stipulation and agreement which was approved and confirmed by the trial court's subsequent findings of fact, conclusions of law and decree of divorce. Conforming to the parties' agreement, the decree provided in relevant part that Mr. Fenno was required to pay $125.00 per month for each of the parties' three children, "until said child for whom said payment is made becomes self-supporting, marries, dies or attains the age of twenty-one (21) years, whichever first occurs."

On April 16, 1986, Sandra Graham petitioned the district court for Hot Springs County, Third Judicial District, for an order to show cause why Thomas Fenno should not be held in contempt for failure to make child-support payments in the amount of $3,750 in violation of the court's decree of divorce entered November 3, 1971. The following day, the court issued an order to show cause why Mr. Fenno should not be held in contempt for failing to make child-support payments as previously ordered by the court. The order was served individually on Mr. Fenno in Fort Collins, Colorado by a Larimer County, Colorado sheriff's deputy.

Mr. Fenno filed a motion to dismiss the court's order, claiming lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process. The trial court held a hearing on the motion, determined that it lacked in personam jurisdiction over Mr. Fenno, and dismissed the plaintiff's petition and the court's order to show cause.

The only issue presented by this appeal is whether the district court has in personam jurisdiction over Mr. Fenno to decide on the merits whether Mr. Fenno was in contempt of court for failing to comply with the court's 1971 divorce decree. We hold that the district court has in personam jurisdiction.

At the motion hearing, counsel for Mr. Fenno argued that under *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), and *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132, reh. denied 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978), minimum contacts with the forum state must be established and maintained in order for that state to have in personam jurisdiction. The federal law pertaining to appellee's position provides:

"It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff*, 95 U.S. [ (5 Otto) ] 714, 732–733 [24 L.Ed. 565] (1878); *International Shoe Co. v. Washington*, 326 U.S., at 316 [66 S.Ct., at 158]. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought, [citation] and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum. * *

" * * * [T]he constitutional standard for determining whether the State may enter a binding judgment against appellant * * is that set forth in this Court's opinion in *International Shoe Co. v. Washington*, supra; that a defendant 'have certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' 326 U.S., at 316 [66 S.Ct. at 158], quoting *Milliken v. Meyer*, [311 U.S. 457,] 463 [85

L.Ed. 278, 61 S.Ct. 339, 132 A.L.R. 1357 (1940) ]." *Kulko v. California Superior Court,* 436 U.S. at 91–92 [98 S.Ct. at 1696–97].

The intent of the Wyoming legislature is demonstrated by its adoption of the California rule, Ch. 178, S.L. of Wyoming 1977:

"(a) A Wyoming court may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States Constitution.

"(b) When the exercise of personal jurisdiction is authorized by this section, service may be made outside this state and proved according to the Wyoming Rules of Civil Procedure or any order of the court." Section 5–1–107, W.S.1977.

■ Appellee's position is not supported by any reliance on federal or state case law.[1] If this contempt proceeding were an original action, minimum-contact precedent might be applicable. However, because the order to show cause stems from a motion in an earlier proceeding, the jurisdictional principles enunciated in *International Shoe Co. v. State of Washington,* supra, do not apply. They apply only to the district court's jurisdiction in the original divorce proceeding. It is not necessary to review that original jurisdiction because Mr. Fenno conceded jurisdiction at that time, and does not now assert that the district court was without jurisdiction to enter the 1971 divorce decree.

In *Erb v. Erb,* Wyo., 573 P.2d 849 (1978), this court discussed the jurisdictional status of a contempt action to enforce a support obligation:

"Mrs. Moore's motion was filed in the original divorce proceeding, consistent with the usual procedure in such cases and it can hardly be said that it was the institution of an action. * * * [I]n *Strahan v. Strahan,* Wyo., 400 P.2d 542 (1965), which grew out of a request for citation of a husband for contempt for nonpayment of support, the power of the court to consider such matters is re-

ferred to as a 'continuing jurisdiction.' " 573 P.2d at 851.

We also stated:

" ' 'An application to enforce the provisions of a decree in an action for a divorce concerning the support of a child is a supplementary proceeding incidental to the original suit. The court has a continuing jurisdiction in this respect. * * * A wide variety of remedies is available to a mother to enforce a decree for child support. The most common method of enforcement is a contempt proceeding. * * * ' " 573 P.2d at 851, quoting 24 Am.Jur.2d, Divorce and Separation § 862, p. 981.

This case really involves the district court's power to enforce, by its contempt powers, a decree entered upon proper jurisdiction. The law regarding the court's power in this context is clear.

■ Initially, we note that a contempt action for failure to make support payments pursuant to a divorce decree is an appropriate remedy. *Hepp v. Hepp,* Wyo., 420 P.2d 118 (1966); *Erb v. Erb,* supra; *Strahan v. Strahan,* Wyo., 400 P.2d 542 (1965). In its order of dismissal, the trial court found that the plaintiff could pursue a proper remedy through the Revised Uniform Reciprocal Enforcement of Support Act (URESA), §§ 20–4–101 through 20–4–138, W.S.1977. We point out, however, that § 20–4–103 states that "[t]he remedies herein provided are in addition to and not in substitution for any other remedies." Thus, Wyoming's adoption of URESA does not abrogate the plaintiff's right to petition for enforcement or the district court's authority to enforce its support orders by using its contempt power.

■ It is well-settled law that once a court obtains proper jurisdiction, that court retains jurisdiction to modify or enforce support obligations provided for in the decree. *Strahan v. Strahan,* supra, 400 P.2d at 543; *Erb v. Erb,* supra, 573 P.2d at 851. Mr. Fenno cannot call into question the court's in personam jurisdiction, once obtained, merely by leaving the jurisdiction. Once jurisdiction attaches, the district

1. No appellee's brief was filed in this court.

court's power over his person continues until all matters arising out of that litigation are resolved, and jurisdiction is not lost by removal of the defendant from the state. *Brown v. Brown,* 183 Colo. 356, 516 P.2d 1129, 1131 (1973); *Roberts v. Roberts,* 300 Ky. 454, 189 S.W.2d 691 (1945); *Brewster v. Brewster,* 207 Md. 193, 114 A.2d 53, 56 (1955); *Genda v. Genda,* 11 Ariz.App. 110, 462 P.2d 407 (1969); *Karpf v. Karpf,* 260 A.D. 701, 23 N.Y.S.2d 745 (1940).

The district court's finding that it lacked in personam jurisdiction over Mr. Fenno was erroneous.

Reversed and remanded for further proceedings.