Kathryn Elaine DUNCAN, Appellant (Plaintiff),

v.

Duane J. DUNCAN, Appellee (Defendant).

No. 88–252.

Supreme Court of Wyoming.

July 11, 1989.

Ann M. Rochelle of Williams, Porter, Day & Neville, P.C., Casper, for appellant.

Richard Peek of Harden, Harden & Peek, Casper, for appellee.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN, Retired J.

BROWN, Justice, Retired.

Appellant Kathryn Elaine Duncan (wife) appeals from an order of the district court denying her Motion to Set Aside Judgment modifying a divorce decree as to child custody and support. The sole issue to be decided is whether the Order of Modification was properly entered. We hold that it was not and therefore reverse.

Wife and Duane J. Duncan (husband) were divorced on October 16, 1981. Pursuant to the divorce decree, wife received custody of the two children of the marriage and husband was ordered to pay child support. Following the divorce, wife moved to California for health reasons, leaving the children behind with their maternal grandparents.

After wife's departure, husband filed a petition December 1, 1981, to modify the divorce decree seeking to have custody of the children awarded to him and to require wife to pay child support. Alleging an inability to locate the wife, husband attempted service on wife by publication, filing accompanying affidavits from his attorney. Based on its determination that service on wife was proper, the district court entered a default judgment against wife for her failure to respond to the petition and entered an Order of Modification on February 4, 1982, without the appearance of wife or an attorney representing her. The order awarded husband custody of the children and required wife to pay child support in the amount of $75 per month per child.

Two years later, husband commenced an action under the Uniform Reciprocal Enforcement of Support Act (URESA) in an effort to receive the child support payments pursuant to the Order of Modification. However, wife did not receive notice of either this action or the Order of Modification until 1987, when she was served in California. Immediately after notice of the URESA action and Order of Modification, wife moved to set aside the Order of Modification under W.R.C.P. 55 and 60, arguing, for the purposes of this appeal, (1) that the notice of the Petition for Modification was improper in that husband could have ascertained wife's whereabouts by exercising due diligence, and (2) that the district court lacked in personam jurisdiction over wife when it entered the Order of Modification, and thus could not order to her pay child support.

The district court denied wife's motion on August 1, 1988, finding that service of process was proper on wife and that the court had personal jurisdiction over her such that it was within the court's authority to modify the original divorce decree. This appeal followed.

The issue on appeal concerns the validity of the modification order transferring custody of the children from wife to husband and ordering wife to pay child support. W.S. 20–2–113(a) provides that "[o]n the petition of either of the parents, the court may revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires." While the district court granting the divorce retains continuing jurisdiction to modify the custody and support aspects of the divorce decree, *Nicholaus v. Nicholaus*, 756 P.2d 1338, 1340 (Wyo.1988), certain procedural steps must be fulfilled before the court can be said to have authority to modify the divorce decree. In this case, two important procedures were violated requiring this court to reverse the district court's order.

It is the rule in Wyoming that personal service is required with regard to orders for child support. *Rodgers v. Rodgers*, 627

P.2d 1381, 1383–84 (Wyo.1981). There, we stated:

> An order for child support cannot issue without in personam jurisdiction.
>
> "Orders for child support, being of the traditional in personam variety, must be based upon personal service within the jurisdiction * * *." Clark on Domestic Relations, § 15.1, p. 489.
>
> \* \* \* \* \* \*
>
> The necessity of in personam jurisdiction to impose the duty to support is recognized in Wyoming's version of the Revised Uniform Reciprocal Enforcement of Support Act, § 20–4–101, W.S.1977, et seq.

An order or decree for child support is binding only on a person over whom the court has in personam jurisdiction. W.R. C.P. 4–5; 24 Am.Jur.2d Divorce and Separation § 1020 at 1020 (1983). In this case, husband completed service by publication. Under *Rodgers*, such service is insufficient to provide notice to wife; the district court lacked in personam jurisdiction over the wife allowing it to modify the divorce decree as to child support.

While service by publication is insufficient for the purposes of a child support order, it has traditionally been held that service by publication can be sufficient where the issue to be decided is child custody. Nonetheless, in this case the service upon wife was insufficient for the child custody issue, but for a different reason. W.R.C.P. 4(f) contains the requirements to be fulfilled before service by publication can be deemed sufficient. It provides:

> (f) *Requirements for service by publication.*—Before service by publication can be made, an affidavit of the party, his agent or attorney, must be filed stating that service of a summons cannot be made within this state, on the defendant to be served by publication, and stating his address, if known, or that his address is unknown and cannot, with reasonable diligence be ascertained, and that the case is one of those mentioned in paragraph (e) of this rule; and when such affidavit is filed, the party may proceed to make service by publication.

In *Emery v. Emery,* 404 P.2d 745 (Wyo. 1965), this court recognized that either a plaintiff or his attorney may file the affidavit, but that the affidavit cannot be filed by one for the other as the affidavit would be based on unpermitted hearsay:

> We recognize that the affidavit required under the last paragraph of Rule 4(f) can be made by plaintiff, or it can be made by his attorney. It cannot, however, be made by one for the other. Such an affidavit at best could only be made on information and belief, and we construe the rule to require positive verification.

*Id.* at 748.

Here, husband's attorney filed the accompanying affidavit with the request to complete service by publication, stating that, "Defendant had no knowledge of Plaintiff's whereabouts." Clearly, this is a hearsay statement and not based on the attorney's personal knowledge of the whereabouts of wife. Under Rule 4(f) and *Emery*, this is not sufficient for proper service. The requirements of W.R.C.P. 4(f) are mandatory and any omission is fatal. *National Supply Company v. Chittim,* 387 P.2d 1010, 1012 (Wyo.1964). The rule must be " 'strictly, literally, and fully complied with in order to render such service valid.' " Id. at 1012 (quoting 72 C.J.S. Process § 55 at 1069). Husband failed to comply with W.R.C.P. 4(f) with respect to the proper filing of affidavits before service by publication could be permitted; therefore, notice was insufficient. Under these circumstances, the district court improperly modified the divorce decree.

The district court's order dismissing wife's motion to set aside the default and Order of Modification is reversed.