**Samuel Finley HURLBUT, Jr.,
Appellant (Defendant),**

v.

**Doris Jean SCARBROUGH, f/k/a Doris
Jean Hurlbut, Appellee (Plaintiff).**

No. 97–213.

Supreme Court of Wyoming.

April 24, 1998.

Thomas E. Campbell of Thomas E. Campbell, P.C., Douglas, for Appellant.

James A. Hardee, Douglas, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Samuel Hurlbut, Jr. (the father) appeals from the judgment which was entered in favor of Appellee Doris Scarbrough (the mother) for unpaid child support and accumulated interest.

We affirm as modified and remand.

## ISSUES

The father presents these issues for our analysis:

1. Whether the trial court had *in personam* jurisdiction over [the father]?

2. Whether [the mother's] failure to list her claim for past due child support as an asset on the schedules in her 1985 bankruptcy estops her from now seeking to collect the sums due?

3. Whether [the mother's] breach of the 1984 agreement coupled with her delay in bringing the proceedings estops her from seeking to collect the sums due?

4. Whether the Court erred in adding pre-judgment interest to the amounts claimed?

## FACTS

The parties married on July 16, 1976, and lived in Platte County during their marriage. The mother had three children whom the father subsequently adopted, and a fourth child was born to the parties. The parties were granted a divorce on June 17, 1982, in Platte County. The district court gave the mother custody of the four children and ordered the father to pay child support in the amount of $116.80 per month per child. Both parties later moved away from the state. On June 2, 1984, a Utah court terminated the father's parental rights to his adopted children, and on April 24, 1985, the father's parental rights to his biological child were terminated.

The mother filed a petition on August 30, 1995, in the Platte County district court, requesting that a judgment be entered against the father for the child support which he owed when his parental rights were terminated. The father was personally served in Nebraska with a copy of the petition. He filed a motion to dismiss, and the trial court denied his motion. The case proceeded to trial, and a judgment was entered in favor of the mother. A corrected judgment nunc pro tunc followed. The father appeals to this Court.

## DISCUSSION

### A. *In Personam* Jurisdiction

■ The father contends that personal service made outside Wyoming is not sufficient to give Wyoming courts personal jurisdiction over him. He also claims that Wyoming courts lost continuing and exclusive jurisdiction when the Utah court exercised its jurisdiction in terminating his parental rights.

We considered this jurisdictional issue in *Graham v. Fenno,* 734 P.2d 983 (Wyo.1987). In that case, the parties were granted a divorce on November 3, 1971, in Wyoming. 734 P.2d at 984. The divorce decree required the husband to pay child support for the parties' three children. *Id.* In 1986, the wife petitioned a Wyoming district court for an order to show cause why the husband should not be held in contempt for failing to pay child support. *Id.* The district court issued an order to show cause, and the order was personally served on the husband in Fort Collins, Colorado. *Id.* The husband filed a motion to dismiss the district court's order, claiming that the district court lacked *in personam* jurisdiction over him. *Id.*

This Court acknowledged that the existence of personal jurisdiction " 'depends upon the presence of reasonable notice to the defendant that an action has been brought, and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum.' " 734 P.2d at 984 (quoting *Kulko v. Superior Court of California in and for City and County of San Francisco,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978) (citation omitted)). We explained that, if this contempt proceeding had been an original action, the minimum contacts precedent might have applied, but, because the order to show cause stemmed from an earlier proceeding, the jurisdictional principle that a defendant must have minimum contacts with the forum state so that maintaining a suit would not offend the traditional notions of fair play and substantial justice was not applicable. *Id.* That principle applied only to the district court's jurisdiction in the original divorce proceeding. 734 P.2d at 985.

■ We have the same situation in the case at bar. We reiterate our rule of law that a court which obtains proper jurisdiction over a divorce action retains jurisdiction to modify or enforce the support provisions of the decree. *Id.* "Once jurisdiction attaches, the district court's power over [the father's] person continues until all matters arising out of that litigation are resolved." 734 P.2d at 985–86. The father, therefore, is still subject

to this state's jurisdiction in matters which pertain to the original divorce action.

## B. Failure to List Support as Asset in Bankruptcy

■ The mother filed a bankruptcy petition in 1985 in Utah and did not list past-due child support as an asset. The father contends that the mother's failure to list the past-due child support as an asset judicially estops her from asserting a claim to the arrearages in Wyoming.

■ The father relies on *Zwemer v. Production Credit Association of Midlands*, 792 P.2d 245 (Wyo.1990), to support his argument. The father's reliance on this case is misplaced. Although a person who is filing for bankruptcy must list all her assets, she is not required to include child support arrearages. 792 P.2d at 247; *Cranston v. Cranston*, 879 P.2d 345, 349 (Wyo.1994). Unpaid child support is not an asset of the parent but is the children's money which the parent administers in trust for the children's benefit. *Cranston*, 879 P.2d at 349.

The mother's decision not to list this claim as an asset in her bankruptcy proceeding was appropriate given that it was not an asset of her estate. She is, therefore, not judicially estopped from asserting her current claim for the child support arrearages.

## C. 1984 Agreement

■ The father claims that the mother violated the terms of an agreement which they entered into in 1984 and that the mother, therefore, cannot now assert a claim for unpaid child support. The father also complains that, because the mother waited so long to advance this claim, he was unable to locate witnesses who could prove that she harassed him and absolve him of any responsibility for unpaid child support under the 1984 agreement. He insists that this delay prejudiced him and that the mother should, therefore, be estopped from trying to collect the arrearages.

The parties entered into a stipulation agreement in Utah on October 19, 1984, which provided in part:

2. [The mother] agrees to reduce her claim against [the father] for unpaid child support to the amount of $3,000.00 payable as follows: $50.00 a month to Recovery Services beginning on the 10th day of November 1984 and payable on the tenth of each month thereafter until the sum of $3,000.00 is paid in full. As long as payments are current she will stop all proceedings to collect for the unpaid child support. If at any time the monthly payments are not paid on time then she may continue proceedings through Recovery Services to collect the entire amount of unpaid back child support.

3. [The mother] agrees to having a restraining order placed against her restraining her from ha[ ]rassing [the father,] his employer, fellow employees, wife or other friends and/or family members and restraining her from in any way ha[ ]rassing or bothering [the father]. If she violates the conditions of the restraining order it is agreed that she will drop all claims for unpaid back child support and not pursue them further and the same will be considered paid in full.

The father's argument rests upon his assertions that the mother violated this agreement by harassing his employer and that, as a result of this harassment, the employer did not renew his employment contract. The father did not demonstrate that a restraining order had been obtained against the mother. Without this critical piece of evidence, we cannot determine that the mother violated the conditions of the restraining order.

■ More importantly, because a child support obligation does not belong to the custodial parent, that parent does not have the authority to bargain it away. *Combs v. Sherry–Combs*, 865 P.2d 50, 54 (Wyo.1993). " 'A mother cannot, by contract, bargain away the right of her minor child to adequate support from the father, regardless of the validity of the agreement as between the parents themselves.' " *Miesen v. Frank*, 361 Pa.Super. 204, 522 A.2d 85, 87, *appeal discontinued*, 516 Pa. 641, 533 A.2d 713 (1987) (quoting *Commonwealth ex rel. Bortz v. Norris*, 184 Pa.Super. 594, 135 A.2d 771, 773 (1957)). Accordingly, we hold that the part of the agreement which pertains to the forgiveness of the father's obligation to pay the back child support is void and unenforceable because it is against public policy. *Combs*, 865 P.2d at 54.

## D. Interest

The father asserts that the district court's award of seven percent prejudgment interest was erroneous under our decision in *Hollingshead v. Hollingshead*, 942 P.2d 1104 (Wyo.1997). He maintains that either this is a new action to collect past-due child support or it is a case to collect on the judgments by operation of law. He contends that, if this is a new action, the ten-year statute of limitations applies and that, if it is an action to collect on the judgments by operation of law, a prejudgment interest award is inappropriate. He adds that, because none of the child support obligations accrued after July 1, 1990, interest should not be assessed at all pursuant to WYO. STAT. § 1–16–102(c) (1997). The mother agrees that prejudgment interest is not appropriate in this case because the child support payments became judgments by operation of law when they were not paid on their due dates, but she argues that interest should be assessed on the existing judgments at the rate of ten percent per year under WYO. STAT. § 1–16–102(a) (1997).

In *Hollingshead*, this Court held with regard to child support payments which became due prior to 1989: "Our consideration of the applicable authorities persuades us that the legislature, in adopting the statutory provision in 1989, simply codified the common law principle that periodic child support payments are judgments arising by operation of law." [1] 942 P.2d at 1107. Section 1–16–102(a) provides in pertinent part: "[A]ll decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid."

The father relies on § 1–16–102(c) which states: "A periodic payment or installment for child support or maintenance which is unpaid on the date due and which on or after July 1, 1990, becomes a judgment by operation of law ... shall not bear interest." Because the child support obligations in this case accrued before July 1, 1990, § 1–16–102(c) is not an exception to § 1–16–102(a). The judgments by operation of law, therefore, carry with them a ten percent per year interest rate.

In *O's Gold Seed Company v. United Agri–Products Financial Services, Inc.*, 761 P.2d 673, 677 (Wyo.1988), we quoted from our earlier decision in *Robert W. Anderson Housewrecking and Excavating, Inc. v. Board of Trustees, School District No. 25, Fremont County*, 681 P.2d 1326, 1333 (Wyo. 1984): " '[W]here the judgment does not result from passion or prejudice and any error may be ascertained by mathematical calculations, the supreme court may modify without reversing.' " Accordingly, we remand, without reversing, the district court's judgment in this case, directing the district court to modify its award so that it reflects the ten percent per year interest rate and to calculate the interest on each obligation from the time that the obligation became a judgment by operation of law.

Affirmed as modified and remanded.

---

**1.** At this point, we mention that, because the mother did not try to execute on these judgments within five years, the judgments became dormant. WYO. STAT § 1–17–307 (1997). The party entitled to bring an action to revive a dormant judgment has twenty-one years from the date that the judgment became dormant to bring such an action according to WYO. STAT. § 1–16–503 (1997). The mother has revived the judgments in a timely manner and is entitled to recover on all of them.