**STATE of Washington, ex rel., Sherrill L. MAHONEY, Appellant (Plaintiff–Obligee),**

v.

**Benjamin F. ST. JOHN, III, Appellee (Defendant–Obligor).**

No. 97–39.

Supreme Court of Wyoming.

Sept. 3, 1998.

---

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Dan S. Wilde, Assistant·Attorney General, Cheyenne; and Eric A. Distad, Deputy Natrona County Attorney, Casper, for Appellant(Plaintiff-Obligor).

No appearance for Appellee(Defendant-Obligor).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

A Wyoming district court refused to enforce a child support order issued by a Washington court which enjoyed plenary jurisdiction over appellee. Finding that the federal constitution and Wyoming statutes require an opposite result, we reverse and remand with instructions.

## I. ISSUES

Appellant, the State of Washington, upon the relation of Sherrill L. Mahoney, succinctly states the issue:

I. Did the District Court err as a matter of law when it refused to extend full faith and credit to the child support order issued in the State of Washington and when it determined that the State of Washington lacked in personam jurisdiction over the [appellee]?

Appellee, Benjamin F. St. John, III, having failed to submit a brief to this court, must suffer our consideration of only those arguments raised by appellant pursuant to W.R.A.P. 7.11(b).

## II. FACTS

On August 24, 1985, Sheree Mahoney (Sheree) was born in Casper, Wyoming, as the issue of Sherrill L. Mahoney (Sherrill) and Benjamin F. St. John, III (appellee). Although Sheree was produced without benefit of parental wedlock, appellee verbally ac-

* Chief Justice at time of expedited conference.

knowledged fatherhood and visited mother and child regularly during the first several months of Sheree's life. Early in 1986, however, Sherrill and Sheree relocated to the State of Washington. Although gainfully employed, Sherrill remained frequently obliged to secure Aid to Families with Dependent Children (AFDC) in Washington during the late 1980's and early 1990's.

In 1992, the State of Washington, upon Sherrill's relation, brought a paternity action against appellee, who continued to reside in Casper. Appellee accepted service of the paternity petition in Wyoming, but contested the issue until blood tests showed a 99.97% probability that he was Sheree's natural father. Perhaps hoping that matrimony might be an alternative to a judgment for $17,396.00 in back child support and maintenance, appellee summoned Sherrill back to Casper, where the two were married in August of 1993.

The couple and their daughter returned to Washington where appellee secured employment and set up housekeeping with his wife and daughter. Less than nine months later, however, the marital bonds had been irretrievably broken and appellee fled back to Casper. Shortly thereafter, Sherrill filed her petition for divorce in Washington, achieving personal service upon appellee in Wyoming on July 11, 1994. Having been personally served in Wyoming pursuant to Wash. Rev. Code Ann. § 4.28.185(1)(f) (West 1988) (hereinafter RCWA), appellee chose to default and judgment was entered against him in Washington for $20,628.00 in child support arrearages, *inter alia.*

However, when Washington moved to enforce the support obligation in Wyoming pursuant to the Uniform Interstate Family Support Act (UIFSA; formerly the Uniform Reciprocal Enforcement of Support Act or URESA),[1] appellee availed himself of a Wyoming forum to contest Washington's exercise of *in personam* jurisdiction over a Wyoming resident. The Wyoming district court subsequently held that the Washington order was invalid because appellee had not been personally served within the boundaries of Washington (predicated upon the district court's view that service within *our* state's boundaries is requisite to an exercise of *in personam* jurisdiction by a **Wyoming** court). The State of Washington, upon the relation of Sherrill, timely brought this appeal.

### III. DISCUSSION

■ The district court posed a theoretical question of whether a Wyoming court would have *in personam* jurisdiction if Sherrill and Sheree were Wyoming residents and appellee was a Washington resident. The proper inquiry is whether the Washington court had and exercised good and sufficient personal jurisdiction over appellee at the time the decree and order of support were entered. "We have held that a decree of divorce granted by one state having the jurisdiction to do so is entitled to full faith and credit, under the constitutional provision, in every other state. *Matter of Fray*, 721 P.2d 1054, [1057] (Wyo.1986) (*citing Johnson v. Muelberger*, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951))." *Livingston v. Vanderiet*, 861 P.2d 549, 551 (Wyo.1993). The "constitutional provision" is the so-called full faith and credit clause of the United States Constitution which requires that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. Art. 4, § 1.

■ This rule of affording full recognition of foreign judgments, in reliance upon the full faith and credit clause, is consistent with the UIFSA, which requires Wyoming district courts to "recognize and enforce * * * a registered order if the issuing tribunal had jurisdiction." Wyo. Stat. § 20-4-175(c) (Supp.1998). A foreign order becomes a "registered" order upon filing with a Wyoming district court. Wyo. Stat. § 20-4-175(a).

■ The only remaining question is whether the Washington court issuing the original support order enjoyed personal jurisdiction over appellee. Bearing in mind that

---

1. Adopted by Washington at RCWA §§ 26.21.010 *et seq.* (West 1994) and adopted by Wyoming at Wyo. Stat. §§ 20-4-139 through 20-4-194 (1997 and Supp.1998) (made retroactive to matters initiated under URESA by Wyo. Stat. § 20-4-189 (1997)).

appellee admits to residing with his wife and child in Washington while gainfully employed there, while Sherrill and Sheree continued to live in Washington after appellee deserted the marriage, the answer is found at RCWA § 4.28.185(1)(f):

> (1) Any person, whether or not a citizen or resident of this state, who * * * does any of the acts in this section enumerated, thereby submits said person * * * to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any said acts:
>
> * * *
>
> (f) Living in a marital relationship within this state notwithstanding subsequent departure from this state, as to all proceedings authorized by chapter 26.09 RCW [Dissolution of Marriage, etc. (including child support)], so long as the petitioning party has continued to reside in this state * * *.

Again, we find that the existence of personal jurisdiction pursuant to the foregoing section is entirely consistent with multiple expressions of such to be found in both states' codifications of the UIFSA. For example, RCWA § 26.21.075(3) (West 1997 Supp.), in pertinent portion, is a verbatim reiteration of Wyo. Stat. § 20-4-142(a)(iii) (Supp.1998):

> In a proceeding to establish, enforce or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual * * * if:
>
> * * *
>
> (3) The individual resided with the child in this state[.]

In addition to an alternative to the full faith and credit rationale, the foregoing shared language eliminates the district court's theory that Wyoming could not exercise personal jurisdiction over appellee had he lived with the family in Wyoming before fleeing to Washington. To the extent that *Duncan v. Duncan,* 776 P.2d 758, 760 (Wyo. 1989) and *Rodgers v. Rodgers,* 627 P.2d 1381, 1383-84 (Wyo.1981) counsel a different result, the *obiter dicta* in the former and the holding in the latter were overruled *sub si-* *lentio* by the legislature's enactment of Wyo. Stat. § 20-4-142(a)(iii) through 1995 Wyo. Sess. Laws ch. 148, § 1.

## IV. CONCLUSION

Wyoming's interpretation of the full faith and credit clause of the United States Constitution requires that we enforce a support order issued by a foreign court, so long as that court enjoyed personal jurisdiction over the obligee. Washington's assumption of personal jurisdiction over appellee was consistent with that state's general laws of jurisdiction as well as the Uniform Interstate Family Support Act as codified by Washington *and* Wyoming. The judgment of the district court is, therefore, reversed, and the case is remanded to the district court with instructions to enforce the support order entered by the Washington court.