**Johnna F. SABERS, Appellant
(Plaintiff–Obligee),**

v.

**Randy Lee SABERS, Appellee
(Defendant–Obligor).**

**No. 98–207.**

Supreme Court of Wyoming.

April 14, 1999.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Harry D. Ivey, Special Assistant Attorney General, for Appellant.

No appearance for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, and GOLDEN, JJ., and HARTMAN, D.J.

PER CURIAM.

The State of Wyoming, representing the Natrona County Child Support Authority (Authority) as the custodial parent's assignee for the receipt of child support payments, appeals the district court's determination that it lacked *in personam* jurisdiction over the supporting parent. Appellee, Randy Lee Sabers, did not file a brief. In light of Wyoming law and this court's decision in *Hurlbut v. Scarbrough,* 957 P.2d 839 (Wyo. 1998), we reverse and remand.

When the parties were divorced in Wyoming in 1987, the decree of divorce awarded custody to Johnna Francene Sabers (Mother), and Randy Lee Sabers (Father) was required to pay two hundred dollars a month in support. The Mother subsequently assigned the child support rights to the Authority.

On February 27, 1997, the Authority filed a petition to modify the child support payments and to collect arrears of unpaid support owed by Father. Father, who had moved out of state, was personally served with the petition on March 12, 1997, in Moab, Utah. The Father did not answer the petition and, on February 5, 1998, the Authority filed, for the second time, a Motion to Compel and Motion for Sanctions/Attorney Fees. The defendant was personally served in Moab, Utah with the Authority's motions and a notice setting the matter for hearing on February 23, 1998. The district court, *sua sponte,* raised the issue of *in personam* jurisdiction over the Father and issued an order on May 21, 1998, denying the Authority's motions pursuant to *Duncan v. Duncan,* 776 P.2d 758 (Wyo.1989) (citing *Rodgers v. Rodgers,* 627 P.2d 1381 (Wyo.1981)). The Authority moved for a reconsideration based on this court's decision in *Hurlbut,* 957 P.2d 839. The district court denied the motion for reconsideration on the basis that *Hurlbut* did not overrule *Duncan.* The Authority, through the State of Wyoming, now appeals.

In *Hurlbut,* the parties were married, lived, and subsequently divorced in Platte County, Wyoming. 937 P.2d at 841. On appeal, the father contended that personal service made outside of Wyoming was not sufficient to give Wyoming courts personal

jurisdiction over him and that any continuing and exclusive jurisdiction belonging to the Wyoming courts was lost when a Utah court exercised its jurisdiction in terminating his parental rights. *Id.* It will be instructive to quote at length from our response to the father's contention:

We considered this jurisdictional issue in *Graham v. Fenno*, 734 P.2d 983 (Wyo. 1987). In that case, the parties were granted a divorce on November 3, 1971, in Wyoming. 734 P.2d at 984. The divorce decree required the husband to pay child support for the parties' three children. *Id.* In 1986, the wife petitioned a Wyoming district court for an order to show cause why the husband should not be held in contempt for failing to pay child support. *Id.* The district court issued an order to show cause, and the order was personally served on the husband in Fort Collins, Colorado. *Id.* The husband filed a motion to dismiss the district court's order, claiming that the district court lacked *in personam* jurisdiction over him. *Id.*

This Court acknowledged that the existence of personal jurisdiction " 'depends upon the presence of reasonable notice to the defendant that an action has been brought, and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum.' " 734 P.2d at 984 (quoting *Kulko v. Superior Court of California in and for City and County of San Francisco*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978) (citations omitted)). We explained that, if this contempt proceeding had been an original action, the minimum contacts precedent might have applied, but, because the order to show cause stemmed from an earlier proceeding, the jurisdictional principle that a defendant must have minimum contacts with the forum state so that maintaining a suit would not offend the traditional notions of fair play and substantial justice was not applicable. *Id.* That principle applied only to the district court's jurisdiction in the original divorce proceeding. 734 P.2d at 985.

We have the same situation in the case at bar. We reiterate our rule of law that a court which obtains proper jurisdiction over a divorce action retains jurisdiction to modify or enforce the support provisions of the decree. *Id.* "Once jurisdiction attaches, the district court's power over [the father's] person continues until all matters arising out of that litigation are resolved." 734 P.2d at 985–86. The father, therefore, is still subject to this state's jurisdiction in matters which pertain to the original divorce action.

957 P.2d at 841–42.

The situation in this case is indistinguishable from that in *Hurlbut* or *Graham*. The district court's reliance on our decisions in *Duncan v. Duncan*, 776 P.2d 758 and *Rodgers v. Rodgers*, 627 P.2d 1381 was erroneous. In *Duncan*, we specifically noted in our opinion that the district court retained continuing jurisdiction to modify the custody and support aspects of the divorce decree. 776 P.2d at 759. Our conclusion in *Duncan* that the district court lacked personal jurisdiction over the wife was based on a determination that service of process had been ineffective. 776 P.2d at 759–60. In *Rodgers*, we also concluded that the district court did not have *in personam* jurisdiction over the wife since she had been served in Florida and the divorce decree setting child support and custody had been entered by a court in Alaska. 627 P.2d at 1382–84. Both of these cases are clearly distinguishable from the case at bar and are not relevant to the issue at hand.

Pursuant to this state's long-standing rule of law that a court which has obtained proper jurisdiction over a divorce action retains jurisdiction to modify or enforce the support provisions of the decree, we conclude that the district court could properly exercise *in personam* jurisdiction over the Father. We reverse and remand this matter to the district court for a consideration of the Authority's motions on their merits and for any other action necessary to the resolution of the proceedings.