No. 19,970.

RALPH WALKER AND ROBERT WALKER D/B/A WALKER
BROTHERS *v.* BYRL CASTO, ET AL.
(372 P. [2d] 438)

Decided June 18, 1962.

Mr. PAUL SNYDER, for plaintiffs in error.

Messrs. SMITH, HOLMES, WILLIAMS & TURNER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE refer to the parties as they appeared in the trial court where plaintiffs in error were defendants and defendants in error were plaintiffs.

The action was brought by plaintiffs to collect damages for the loss of a portion of a crop of hay for the growing season of the year 1958.

Defendants were engaged in building a certain highway in Mesa county under contract with the Colorado Department of Highways. Plaintiffs alleged that defendants obstructed the flow of water in irrigation ditches owned by plaintiffs and prevented their hay lands from receiving water in sufficient quantity to mature a full crop of hay. They claimed damages of $1,000.00 for loss of hay and $500.00 damage for loss of pasture. The issues were tried before the court without a jury.

The trial court found that plaintiffs lost 58.84 tons of hay because of the loss of water brought about by the conduct of defendants. Concerning the damages sustained by plaintiffs the court said:

" * * * The evidence in this case is to the effect that the plaintiffs only cut 55.16 tons in 1958, leaving a shortage of 58.84 tons, and computing that at $20.00 a ton which was a fair and reasonable price for hay at that time, it would be $1,176.80 loss for hay, and on the pasture, figuring the loss of pasture under both of these ditches, it would be the equivalent to 20 tons of hay at $20.00 per ton, that would figure a total, of course, of $400.00."

Plaintiffs also asked for interest from November 1, 1958.

The case was tried November 13, 1961, and upon the $1,400.00 actual damages which the trial court found was sustained by plaintiffs, the amount due as interest would be in excess of $250.00. The trial court entered judgment for $1,500.00.

The only point of sufficient consequence to warrant attention relates to the claim of defendants that the court erred in awarding any damages for the loss of crop. It is contended that the court failed to deduct from the value of the hay the expenses which plaintiffs

would have incurred in harvesting the crop which they were not able to produce. It is argued that the measure of damages for loss of the crop is the value, "at the time and place of its injury or destruction, and this value is usually proved by showing the market value less the necessary cost of harvesting, threshing, and transporting the same to market." *Smith v. Eichheim, et al.,* 147 Colo. 180, 363 P. (2d) 185.

In the case at bar we are dealing with a partial loss of a perennial crop, viz. "Hay." The time of the injury cannot be definitely determined. The tort committed by defendants which deprived plaintiffs of their water supply was intermittently continuous throughout the irrigation season. There was no cost of plowing, seeding or cultivation involved. There was only the cost of irrigation, labor, and harvesting to be considered in mitigation of the loss of production. There was no way to determine this loss until the partial crop was harvested and stacked at which time the total tonnage could be computed by measurement. The hay actually produced was then compared to past production based on undisputed testimony that there was plenty of water that season to produce a normal crop of two tons per acre. The undisputed testimony was that there was no reason for the shortage of crop other than the loss of water caused by the acts of defendants. There was evidence that the market value of the hay was $25.00 per ton, and that the loss of pasture was equal to twenty-five tons of hay. The trial court allowed $20.00 per ton, and only twenty tons on account of loss of pasture.

■ It is presumed that the trial court correctly applied the law to the facts under consideration, and the burden is upon the persons who claim error to their prejudice to show wherein the court erred. The judgment entered by the court was substantially less than the evidence disclosed the market value of the hay to be. No claim of error was made in the trial court with

respect to the measure of damages applied. No evidence in mitigation of claimed damages was offered by defendants. Plaintiffs were not cross-examined with reference thereto. The point, made for the first time in this court, is without merit.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.