**Lauree Betty CHRISTIAN,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. 93-201.

Supreme Court of Wyoming.

Oct. 25, 1994.

Leonard D. Munker, State Public Defender, Gerald Gallivan, Director, Defender Aid Program, and Eric R. Boyer, Student Intern., representing appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Nathaniel T. Trelease, and Sherri L. Sweers, Student Interns., representing appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY,** and TAYLOR, JJ.

TAYLOR, Justice.

This appeal arises from appellant's convictions for felony property destruction and defacement and third-degree arson. Appellant attempts to find plain error in two jury instructions. Appellant also attempts to find plain error in the remarks of the prosecutor during rebuttal to defense counsel's closing argument.

We affirm.

## I.  ISSUES

Appellant raises these issues:

I. Whether the trial court's instructions to the jury regarding Count II of the amended information, felony property destruction, were fundamentally defective because they left out an essential element of the crime charged?

---

* Retired July 6, 1994.

** Chief Justice at time of oral argument.

II. Whether during closing arguments the prosecutor improperly stated that the evidence was sufficient to convict, and if it was not sufficient, the case would not have been submitted to the jury?

The State rephrases:

I. Did the omission of the words "if destroyed" from jury instruction 12 constitute plain error?

II. Did the State's closing argument constitute plain error when it stated that, if there was absolutely no evidence to support the charges, they would not have been submitted to the jury?

## II. FACTS

Lauree Betty Christian (Christian) and her former husband were married in 1971, divorced in 1975 and briefly reunited in Casper, Wyoming during 1990–91. The attempted reconciliation failed and the former husband relocated to Mills, Wyoming with a new companion. When Christian learned of her former husband's new companion, she made vague threats vowing that she was not done yet.

During the spring of 1992, Christian discussed with her friend, Berdette Cady (Cady), ways of making life miserable for Christian's former husband and his new companion. Christian told Cady that if the new companion had not interfered, she and her former husband would still be together.

In the late evening of March 26, 1992, Christian and Cady drove to the former husband's home. While Cady waited in the car, Christian methodically vandalized three vehicles belonging to her former husband and his companion. The hoses and wires of each vehicle were cut. In addition, oil, radiator and other fluid caps were removed from the engines. The interior of one vehicle was smeared with a "putrid smelling substance * * *." The estimated cost to repair all three vehicles was $760.79.

During the early morning hours of May 14, 1992, Christian and Cady returned to the former husband's home. Christian set up an elaborate array of gasoline containers near the vehicles belonging to the former husband and his companion. Christian ignited a homemade fuse and fled. The resulting fire damaged one vehicle beyond repair.

On June 2, 1992, Christian was charged with four counts of felony property destruction and defacement, one count of first-degree arson and one count of third-degree arson. Prior to trial, an amended Information was filed consolidating three of the property destruction and defacement charges into one count. Wyo.Stat. § 6–3–201(c) (1988).

A jury trial was held on December 15, 1992. Cady appeared as the primary prosecution witness against Christian. Cady acknowledged that he had entered into a plea agreement with the State prior to his testimony. Cady had agreed to plead guilty to one count of property destruction and would be sentenced to a term of supervised probation.

The jury found Christian guilty of one count of felony property destruction and defacement, in violation of Wyo.Stat. § 6–3–201(a) and (b)(iii) (1988), and one count of third-degree arson, in violation of Wyo.Stat. § 6–3–103(a)(ii) (1988). Christian was sentenced to concurrent terms of not less than twelve months nor more than fifteen months in the Wyoming Women's Center, with credit given for time served in presentence incarceration.

## III. DISCUSSION

■ Christian attempts to find plain error in the jury instructions explaining the felony property destruction and defacement count. Christian contends the jury instructions omitted an essential element of the crime charged in the amended Information. Jury Instruction No. 11 stated the charge:

YOU ARE INSTRUCTED that the pertinent portions of Count II of the Information in this case states as follows:

That from between on or about the 26th day of March, 1992, to on or about the 27th day of March, 1992, ... LAUREE BETTY CHRISTIAN, Defendant herein, did unlawfully and knowingly, and pursuant to a common scheme, did deface, injure or destroy property, to-wit: one (1) 1989 Chev-

rolet four-door sedan, one (1) 1973 Chevrolet pickup, and one (1) 1969 Ford pickup, of another, namely: [former husband and companion], without the owners' consent, said property being valued in excess of five hundred dollars ($500.00), in violation of W.S.1977, as amended, § 6–3–201(a) and (b)(iii), and § 6–3–410.

Jury Instruction No. 12 provided:

The necessary elements of the crime of Destruction of Property in Count II of the Information are:

1. That the crime occurred within the County of Natrona, State of Wyoming, from between on or about the 26th day of March, 1992, to on or about the 27th day of March, 1992;

2. That the Defendant knowingly, and pursuant to a common scheme, did knowingly deface, injure or destroy;

3. Property of another;

4. Without the owner's consent; and

5. The cost of restoring the injured property or the value of said property being five hundred dollars ($500.00) or more.

If you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.

If, on the other hand, you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

Christian circuitously argues that flawed language of Jury Instruction No. 12 permitted the jury to convict her without having to determine whether the property was destroyed or merely damaged. Christian maintains that the amended Information only alleged that the property had been destroyed. Therefore, Christian asserts that Jury Instruction No. 12 impermissibly permitted a conviction when the property was injured, not destroyed. We disagree.

Christian admits that no objection was offered by the defense to the jury instructions at trial; therefore, we may only review for plain error. Plain error requires a demonstration of three criteria:

"(1) the record clearly shows what occurred at trial, (2) transgression of a clear and unequivocal rule of law, and (3) which adversely affected one of [appellant's] substantial rights. Failure to establish each element of this three-part test precludes a finding of plain error."

*Suliber v. State*, 866 P.2d 85, 90 (Wyo.1993) (*quoting Geiger v. State*, 859 P.2d 665, 668 (Wyo.1993)). *See also Smith v. State*, 880 P.2d 573, 574 (Wyo.1994) (*quoting Vigil v. State*, 859 P.2d 659, 662 (Wyo.1993)).

■■■ "When we examine jury instructions, we must look at them in their entirety and read them together." *Vigil*, 859 P.2d at 663. Before a conviction will be reversed due to an erroneous instruction, the defendant must demonstrate that prejudice has occurred. *Collins v. State*, 854 P.2d 688, 700 (Wyo.1993). An error in one instruction may be cured elsewhere in the jury instructions by conveying correct information to the jury " 'in a clear and concise manner so that it is unlikely that an erroneous impression would remain in the minds of the jurors.' " *Vigil*, 859 P.2d at 663 (*quoting United States v. Pope*, 561 F.2d 663, 670 (6th Cir.1977)).

The crime of property destruction and defacement is defined by Wyo.Stat. § 6–3–201, which states, in pertinent part:

(a) A person is guilty of property destruction and defacement if he knowingly defaces, injures or destroys property of another without the owner's consent.

(b) Property destruction and defacement is:

  *   *   *   *   *   *

(iii) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the cost of restoring injured property or the value of the property if destroyed is five hundred dollars ($500.00) or more.

Jury Instruction No. 9 accurately informed the jury of the language of Wyo.Stat. § 6–3–201(a) by quoting the statute. In its plain meaning, a person is guilty of property destruction and defacement if the individual

knowingly "defaces, injures *or* destroys" the property of another without the consent of the owner. Wyo.Stat. § 6–3–201(a) (emphasis added). The statutory language is disjunctive, permitting a conviction for defacing, injuring *or* destroying property. As applied to a tangible object, "injure" means to materially impair or destroy any part of the existing structure. Black's Law Dictionary 785 (6th ed. 1990).

The amended Information, as quoted in Jury Instruction No. 11, informed Christian that she was charged with defacing, injuring *or* destroying property in violation of Wyo. Stat. § 6–3–201(a) and (b)(iii). The amended Information fairly indicated the crime charged and stated the alleged crime in a sufficiently definite manner to provide Christian with notice to prepare a defense. *Derksen v. State*, 845 P.2d 1383, 1389 (Wyo.1993). *See also* W.R.Cr.P. 3(b)(1).

The unchallenged prosecution evidence at trial disclosed that the cost of restoring the "injured" property from the incident on March 26, 1992 was in excess of $500.00. Wyo.Stat. § 6–3–201(b) distinguishes between a misdemeanor conviction for property destruction and defacement and a felony conviction for the same offense based upon the monetary value of the property loss. Specifically, if the cost of restoring "injured" property is $500.00 or more, or the value of property which is destroyed is $500.00 or more, the offense is a felony. Wyo.Stat. § 6–3–201(b)(iii). If sufficient proof of the other elements of the crime was presented, proof beyond a reasonable doubt of only one of these two alternatives was required to convict Christian of felony property destruction and defacement.

The trial record discloses that the jury was properly instructed on the elements of the crime of property destruction and defacement as alleged in the amended Information. The jury was permitted to convict Christian for this offense if proof beyond a reasonable doubt was offered for the five elements listed in Jury Instruction No. 12. We hold that Christian failed to demonstrate that the challenged jury instructions represented an obvious transgression of a clear and unequivocal rule of law constituting plain error. *Vigil,*

859 P.2d at 662; *Collins,* 854 P.2d at 699–700.

■ Next, Christian claims that the prosecutor made two improper statements during his rebuttal to defense counsel's closing argument. The prosecutor began his rebuttal by indicating that he sought to reply to misrepresentations in the defense counsel's closing argument about the nature of the State's burden of proof. During a rambling discourse, the prosecutor reiterated to the jury the importance of following the law. The prosecutor told the jury to consider the statutory language. And, the prosecutor said "[if] there was absolutely no evidence to support the essential elements of these charges, the charges would have been thrown out." The prosecutor then began discussing attempts in the defense counsel's closing argument to attack the credibility of prosecution witnesses, particularly Cady. The prosecutor reminded the jurors that they had the exclusive role of determining the credibility of all witnesses. Referring to defense counsel's closing argument, the prosecutor said:

It is obvious that the laws were violated. They are set forth in our Statutes.

This is really just sort of a dodge, really. If there was no evidence, the case wouldn't be submitted to you.

The prosecutor then continued his rebuttal by refuting defense counsel's attempts to discredit specific evidence produced at trial. During this portion of his rebuttal, the prosecutor reminded the jury of the instruction they had been given to not base their decision on speculation or conjecture.

■ Christian admits that there were no contemporaneous objections at trial to these two statements by the prosecutor; therefore, our review is limited to a search for plain error. *Armstrong v. State,* 826 P.2d 1106, 1113 (Wyo.1992). "We review the entire context of the closing argument, as well as the trial testimony and evidence, to determine whether the prosecutor's review of the evidence and comments about it were unsubstantiated by the record." *McLaughlin v. State,* 780 P.2d 964, 968 (Wyo.1989). Counsel is allowed great latitude in the argument of cases. *Dice v. State,* 825 P.2d 379, 384 (Wyo.

1992). However, statements calculated to inflame, prejudice or mislead the jury are not permitted. *Armstrong,* 826 P.2d at 1115 (*quoting State v. Hays,* 185 W.Va. 664, 408 S.E.2d 614, 624 (1991)). The scope of permissible argument and the potential injury from any misconduct is best determined by the trial judge. *Dice,* 825 P.2d at 384 (*quoting Jeschke v. State,* 642 P.2d 1298, 1301–02 (Wyo.1982)).

Christian argues that the suggestions from the prosecutor that the charges would have been dropped had there been no evidence to support them were improper and prejudicial. Christian infers that the prosecutor's comments suggested to the jury that they were not permitted to hear some evidence which would have established Christian's guilt. Christian also infers that the prosecutor's comments suggested to the jury that the district judge or another authority had previously ruled on the sufficiency of the evidence. Christian maintains that as a result, she was deprived of her fundamental right to a fair trial.

"Generally, an expression of knowledge, opinion, or belief not based upon or shown by the evidence at trial, either expressly or inferentially, is improper and prejudicial error." *McLaughlin,* 780 P.2d at 970. The prosecutor's two comments reflected his opinion that if there was no evidence to support the charges, the case would not have been tried. Considered in isolation, these comments constituted improper argument. *Schmunk v. State,* 714 P.2d 724, 741–43 (Wyo.1986); *Hopkinson v. Shillinger,* 866 F.2d 1185, 1205–11 (10th Cir.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3256, 111 L.Ed.2d 765 (1990). However, when there is no objection offered at trial, this court's plain error analysis requires not only a clear record as to what transpired and proof that a clear and unequivocal rule of law has been violated; but also, it must be established that the violation adversely affected a substantial right. *Suliber,* 866 P.2d at 90.

When considered in the appropriate context of the trial, the prosecutor's comments did not adversely affect Christian's substantial rights. The evidence produced at trial was more than sufficient to establish Chris-

tian's guilt beyond a reasonable doubt. Despite Christian's characterizations of the evidence as weak, the prosecutor's comments did not inflame, prejudice or mislead the jury so as to rise to the level of plain error. *Armstrong,* 826 P.2d at 1116.

The effect of the improper statements by the prosecutor was also mitigated by the jury instructions. The jury was specifically informed of its "exclusive provence" to weigh and consider all of the evidence presented and to determine the credibility of all the witnesses. The instructions also informed the jury that any statement made by counsel concerning the facts of the case should not be regarded as evidence.

We must also evaluate the prosecutor's statements as a response to the defense counsel's closing argument. Defense counsel began his argument by reasserting the defense theory of the case that Christian had been charged with crimes she did not commit. Defense counsel then launched into a vehement diatribe apparently aimed at assaulting the credibility of Cady as the State's primary witness. Defense counsel's statements attacked Cady's sexual preference and personal grooming habits as well as his veracity. The prosecutor had the right to attempt to balance the scales of justice by offering a rebuttal which responded to these statements. *Fortner v. State,* 843 P.2d 1139, 1147 (Wyo.1992); *Hopkinson,* 866 F.2d at 1210. The unfortunate reality is that portions of both the defense counsel's closing argument and the prosecutor's rebuttal exceeded the bounds of propriety.

Ultimately, when considered in the proper context of the trial as a whole, Christian simply attempts to place more importance upon the prosecutor's isolated statements than the plain meaning of the language supports. The inferences that Christian draws from the prosecutor's statements exceed the bounds of reason. There is no basis to conclude that the jury was misled into believing either that evidence had been withheld from them or that other authorities had previously weighed the evidence and found guilt. Reduced to their most basic form, the prosecutor's statements, while offering improper opinion about the law, state the obvious.

## IV. CONCLUSION

Christian has failed to establish plain error either in the jury instructions or in the remarks of the prosecutor. As a result, Christian's convictions for felony property destruction and defacement and third-degree arson and the sentences imposed by the district court are affirmed.