2001 WY 128

Kenneth Justin WHITT, Appellant (Respondent),

v.

STATE of Wyoming, ex rel., Kaycee Lynn WRIGHT and Justin James Wright, minor children, Appellee (Petitioner).

No. 00–306.

Supreme Court of Wyoming.

Dec. 17, 2001.

Sky D Phifer, Lander, WY, Representing Appellant.

Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Sue Chatfield, Assistant Attorney General, Cheyenne, WY, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] This is an appeal from a judgment for back child support. The district court accepted the Department of Family Services' (DFS) computations and ordered Kenneth Justin Whitt (appellant) to pay the State $21,811.96 for Medicaid reimbursement and back child support. We reverse and remand for further proceedings consistent with this opinion.

## ISSUES

[¶ 2] The appellant raises these issues:

1. Did the State meet its burden of proof that it had an assignment of child support benefits?

2. Did the State meet its burden of proof that the father of the two minor children owed back support in the amount of $18,322.65?

3. Did the State meet its burden of proof that the father of the two minor children owed reimbursement to the State in the amount of $18,322.65?

4. Did the State meet its burden of proof that the State was entitled to Medicaid reimbursement in the amount of $3,489.31?

5. Is Appellant entitled to attorney's fees?

## FACTS

[¶ 3] The appellant filed a petition to establish paternity and custody on January 30, 1998. He alleged that he was the biological father of two minor children, one born in 1990 and the other in 1992. The appellant and the natural mother of the minor children, Ranae Wright (Wright), were not married at the time the children were born, nor did they ever marry; the two were involved in an on and off relationship from 1989 to 2000.

[¶ 4] DFS brought its own action to establish paternity and support on March 13, 1998, alleging that Wright and the minor children received public assistance and that the right to back child support had been assigned to DFS. The district court consolidated this action with the appellant's petition. The parties settled matters concerning paternity, custody, and current child support in a stipulation dated October 14, 1998. However, the issue of back child support remained. The trial set for October 21, 1998, to determine paternity, was vacated, and the matter of back child support was assigned to the district court commissioner. Adopting the district court commissioner's findings of fact for lack of objection thereto, the district court, on February 15, 2000, found that the appellant owed back child support to the State, through August 30, 1998, in the amount of $10,384.00, and assessed against the appellant attorney's fees and costs in the amount of $865.00. The district court set aside this judgment on May 23, 2000, and

scheduled another hearing to determine the back child support issue.[1]

[¶ 5]   At the next hearing, Wright and the appellant entered into a second stipulation in which Wright agreed that the appellant did not owe her any back child support.  DFS did not join in the stipulation.  The district court then took evidence from the appellant and Wright and ordered DFS and the appellant to prepare and submit child support calculations.  The district court received DFS's calculations with attachments on June 26, 2000, and the appellant's calculations and exhibits on July 10, 2000.  A final hearing was held on August 10, 2000.  On September 12, 2000, the district court's oral pronouncement at the August hearing, that the appellant owed back child support in the amount of $18,322.65 and Medicaid reimbursement in the amount of $3,489.31, was entered as a judgment in favor of the State for a total of $21,811.96.

### DISCUSSION

[¶ 6]   Three of the appellant's issues can be dealt with quickly. First, it is clear that the State met its burden of proof concerning the assignment of child support benefits.  Chapter 6 of Title 20 of the Wyoming Statutes is known as the "Child Support Enforcement Act." Under the Act, DFS is obligated to "establish a program of enforcement services . . . to aid in enforcing support obligations owed by obligors to their children . . . and in obtaining child support." Wyo. Stat. Ann. § 20–6–103(a) (Michie 1997).  To assist DFS in accomplishing these goals, recipients of public assistance assign their rights to child and spousal support to DFS, by operation of law, to the extent of any public assistance provided.  Wyo. Stat. Ann. § 20–6–106(a) and (d) (Michie 1997); *State, Dept. of Family Services v. Peterson*, 957 P.2d 1307, 1309–11 (Wyo.1998).

[¶ 7]   In the instant case, Wright testified that Medicaid paid for the births of both children, and that she received food stamps and aid to families with dependent children (AFDC).  She testified that she received AFDC for about four and one-half years, specifically from February 1990 to July 1994 and from July 1995 to June 1996.  Further, upon questioning by the DFS attorney, Wright indicated that she had "no disagreement" with an estimated $20,000.00 received in AFDC benefits.  There can be no dispute that Wright, by being a recipient of public assistance, assigned her rights by operation of law to the State.[2]

[¶ 8]   Two related issues presented by the appellant are whether the State met its burden of proving that it is entitled to reimbursement in the amount of $18,322.65 and Medicaid reimbursement in the amount of $3,489.31 as the assignee of Wright.  After careful review of the record, we conclude that the State proved it is entitled to reimbursement for public assistance benefits and Medicaid; however, we find no factual basis or evidentiary support for the amounts claimed by the State.  We agree with the appellant that the State failed to meet its burden of proving the exact amount to which it is entitled as the assignee of Wright.

[¶ 9]   The appellant argues that, since the State did not prove the amount it paid out in public assistance benefits and Medicaid, he owes no money at all.  Although he accepts the proposition that legally a parent is obligated to support his or her children from the date of birth, he argues that the measure of recovery is only the amount actually expended in the support of the children by DFS. In support of this argument, the appellant points to the following sentence from Wyo. Stat. Ann. § 14–2–204(d) (Michie 1997): "The measure of recovery from the defendant is the reasonable value of the care or support which has been furnished to the child by the petitioner."

---

1.   The order setting aside the findings of fact does not state a reason for that action.  However, the order followed a hearing on the appellant's Motion to Direct Entry of a New Judgment, in which motion the appellant alleged under W.R.C.P. 59(a)(6) "[t]hat the verdict, report or decision is not sustained by sufficient evidence or is contrary to law," and in which the appellant alleged that the State had produced no proof of any benefits it had provided.

2.   In addition, the record reveals that Wright signed applications containing assignment provisions.

[¶ 10] This Court has consistently held that Wyo. Stat. Ann. § 14–2–204(d) does not refer to expenses actually incurred, but rather is much broader. The State brought this case in the name of the children. Thus, the focus is not on the amount assigned to the State, but rather on the amount the appellant owes to his children. In *Holtz v. State ex rel. Houston,* 847 P.2d 972, 977 (Wyo.1993), we stated:

> It seems reasonably clear that the statutes contemplate provisions in the judgment for more than recovery of "expenses incurred." (In this case, AFDC funds.) ... Likewise, there is not a provision that limits the state (if it is the petitioner) to expenses incurred.

Further, in *Thomas v. Thomas,* 983 P.2d 717, 720 (Wyo.1999), this Court stated:

> The language of the statute leads to the clear inference that the legislature intended and recognized that child support would be collected retroactively in cases where a parent has abandoned a child and refused to participate in the support of the child.[3]

Thus, the appellant owes his children reasonable support from the date of their birth. This brings us to the key issue in this case.

### BACK CHILD SUPPORT

[¶ 11] The appellant's primary contention is that the State did not meet its burden of proof that he owed back child support in the amount of $18,322.65. Again, the appellant acknowledges his parental obligations and that they relate back to the date of birth of his children. He argues, however, that the back child support amount of $18,322.65 is unsupported by the evidence.

[¶ 12] While the findings of a trial judge concerning conclusions of law and disposition of the issues are presumptively cor-

rect, the appellate court may examine all of the properly admissible evidence in the record. *Shores v. Lindsey,* 591 P.2d 895, 899 (Wyo.1979). Because this Court does not weigh the evidence *de novo,* findings may not be set aside because we would have reached a different result. *Id.* On appeal, findings of fact are not set aside unless they are clearly erroneous. *Id.* " 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Cross v. Berg Lumber Co.,* 7 P.3d 922, 928 (Wyo.2000) *(quoting Hopper v. All Pet Animal Clinic, Inc.,* 861 P.2d 531, 538–39 (Wyo.1993)). The appellant bears the burden of persuading the appellate court that a finding is erroneous. *Cross,* 7 P.3d at 928 *(quoting Hopper,* 861 P.2d at 538–39).

[¶ 13] At the end of the June 8, 2000, hearing, the DFS attorney informed the district court that he could at that time provide to the appellant's attorney "an AFDH which shows the AFDC, what we used to call Aid for Dependent Children, paid to the mother." He was ordered to do so and complied. The district court then ordered counsel to prepare and submit their income and child support calculations, and a final hearing was scheduled. DFS's calculations with attachments and appellant's calculations and exhibits are both in the record.

[¶ 14] In establishing the amount of back child support owed, the State attempted to determine the income of both parents for previous years and then applied the current child support guidelines to establish the amount of support owed. Neither parent could give complete and accurate information regarding income for the previous years for which child support was owed. The State

---

**3.** Wyo. Stat. Ann. § 14–2–204(d) stated, in pertinent part:

> The measure of recovery from the defendant is the reasonable value of the care or support which has been furnished to the child by the petitioner.... These remedies are cumulative and in addition to other remedies provided by law.

The statute was amended for clarification effective July 1, 2000, and it now reads, in pertinent part:

> The measure of recovery from the defendant is the reasonable value of the care or support, including medical support furnished to the child by the petitioner and the child support ordered pursuant to W.S. 20–2–303 through 20–2–305, 20–2–307 and 20–2–311.... These remedies are cumulative and in addition to other remedies provided by law.

imputed income to the parents for the time periods for which they could not supply accurate and complete information.

[¶ 15] Unfortunately, the record does not disclose any factual basis for the amount of income imputed by the State. For instance, while a hearing was held, no questions were asked of Wright regarding her prior employment history. Certain periods of imputed income for Wright seem to represent minimum wage for a forty-hour work week. There simply is no factual basis to support that such imputed income was reasonable for Wright over the time periods at issue. Thus, we are compelled to remand this case to the district court for an evidentiary hearing so the State can establish a factual basis for its computations.

### AMOUNT OWED THE STATE

[¶ 16] As explained above, by operation of law, the State is the assignee of Wright to the amount of any public assistance benefits plus any Medicaid paid by the State. We have already determined that the State is entitled to reimbursement, but the State failed to prove the amount to which it is entitled. Upon remand, as part of the evidentiary hearing, the State must prove the exact amount of its assignment.

[¶ 17] Thus, a two-step process is necessary. First, the district court must determine the reasonable amount of back child support owed by the appellant to his children. Second, Wyo. Stat. Ann. § 20–6–106(g) provides:

If a court orders support to be paid by an obligor, the department shall be subrogated to the debt created by the order. This subrogation interest shall apply to all orders of support including temporary spouse support orders, family maintenance and alimony orders to the *extent of the amounts paid by the department in public assistance* to or for the benefit of a dependent child and the amount of medical support provided by or through another division of the department or the depart-

ment of health or the department of family services.

(Emphasis added.)

[10] [¶ 18] Therefore, the State must prove the full amount of the back child support to which it is entitled as the subrogee of the mother. If the amount of back child support owed is less than the total amount the State paid, the State is entitled to the back child support owed, plus the amount of any Medicaid paid. If the back child support owed is greater than that paid out by the State, the State receives what it paid out, and the rest goes to the children.

[¶ 19] In determining the amount owed the State, the district court accepted Wright's stipulation that no back support was owed to her by the appellant. The district court stated in its order:

3. That Ranae Wright has waived any sums due to her.

4. That any judgment herein shall accrue to the benefit of the State of Wyoming.

This part of the order is erroneous on its face. Wright cannot legally waive back child support. The support is not due to her but to her children. *See Erhart v. Evans*, 2001 WY 79, ¶ 15, 30 P.3d 542, 546 (Wyo.2001) ("legal prerequisites for modification cannot be extinguished by parental stipulation to reduced payments. The law precludes parties from bargaining away the funds intended for the exclusive benefit of their children"); *Hurlbut v. Scarbrough*, 957 P.2d 839, 842 (Wyo.1998) ("because a child support obligation does not belong to the custodial parent, that parent does not have the authority to bargain it away"); and Wyo. Stat. Ann. § 20–6–106(d) ("[n]o act of the obligee shall prejudice these rights of . . . the dependent child"). " ' "A mother cannot, by contract, bargain away the right of her minor child to adequate support from the father, regardless of the validity of the agreement as between the parents themselves." ' " *Hurlbut*, 957 P.2d at 842 (*quoting Miesen v. Frank*, 361 Pa.Super. 204, 522 A.2d 85, 87, *appeal discontinued*, 516 Pa. 641, 533 A.2d 713 (1987) and *Com. ex rel. Bortz v. Norris*, 184 Pa.Super. 594, 135 A.2d 771, 773 (1957)). While

Wright waived any sums *due to her,* she cannot waive sums due to her children. Accordingly, we hold that the part of the stipulation alleging forgiveness of the appellant's past child support obligation is void and unenforceable because it is against public policy. *See Hurlbut,* 957 P.2d at 842 and *Combs v. Sherry–Combs,* 865 P.2d 50, 54 (Wyo. 1993).

[¶ 20] We further note that on the date of the stipulation, June 8, 2000, the amount of back child support had not been calculated. Therefore, Wright could not have known if she had received an appropriate amount of support for her children. The record indicates that the appellant had at times paid rent, bought groceries, and had given Wright money. Obviously, any amount the appellant can demonstrate he actually paid to support his children must be credited to him. Wright may also testify or present evidence that the appellant gave her money or helped with the expenses of raising the children. This presents a fact issue for determination by the district court regarding credits due to the appellant. On remand, the district court is to determine the amount of back child support owed, taking into account amounts already paid by the appellant.

**ATTORNEY'S FEES**

[¶ 21] Appellant's final issue regards the district court's denial of his request for attorney's fees pursuant to Wyo. Stat. Ann. § 14–2–114 (Michie 1997).[4] The award of attorney's fees under this section is clearly discretionary with the district court. The appellant argues that the State is solely responsible for the complexity of this litigation and therefore should pay his attorney's fees. Many of the complexities of this case, however, come from the failure of the appellant to supply accurate and complete financial information, his failure to provide reasonable support for his children from their respective births, and his attempt to manipulate this proceeding to avoid payment of any back child support. Under these facts, we find no abuse of discretion in the denial by the district court of appellant's request for attorney's fees.

**CONCLUSION**

[¶ 22] We conclude that the figures utilized in the State's calculations, and relied upon by the district court, were not supported by sufficient factual evidence, making the resulting back child support figure of $18,322.65 erroneous. Another deficiency in this case is the lack of any justification in the record for the determination that this amount, or whatever amount, is owed to the State. Judgments entered under the Child Support Enforcement Act should show an allocation of the judgment amount between the State and the obligee. The amount allocated to the State is the amount of public assistance provided. The amount allocated to the obligee is the balance of the unpaid child support.[5] While the materials revealing this information were utilized during the questioning of witnesses in the hearing, they were not entered into evidence nor preserved in the record, making it impossible to determine from the record whether the judgment amount is equal to the amount of public assistance received. A similar difficulty exists with regard to the judgment for Medicaid reimbursement in the amount of $3,489.31. The State must present evidence and preserve it in the record to support this claim.

[¶ 23] In a situation such as this, outright reversal is not this Court's only option. To prevent a failure of justice, we may remand for a new trial or we may remand and order the district court to determine and render the proper judgment amount. *Willis v. Asbury Transp. Co.,* 386 P.2d 934, 938 (Wyo. 1963); *Masek v. Ostlund,* 358 P.2d 100, 104

---

4. Wyo. Stat. Ann. § 14–2–114 states:
   The court may order reasonable fees of counsel, experts and the child's guardian ad litem, and other costs of the action and pretrial proceedings including genetic tests, to be paid by the parties in proportions and at times determined by the court.

5. Indeed, the form judgment entered in this case contains a grid for the entry of these allocations. The allocation slots for the obligee are filled with zeroes, no doubt because Wright stipulated that the appellant owed her no child support.

(Wyo.1960). Because the recoupment of public assistance benefits is a matter of strong public policy, we will remand to allow the State properly to develop and prove its case. We reverse and remand for additional evidentiary hearings for the purpose of correctly calculating back child support, establishing the amount of child support assigned to the State, and determining Medicaid reimbursement due.