2002 WY 61

**Kari BROWN, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 01–11.**

Supreme Court of Wyoming.

April 16, 2002.

Kenneth Koski, Public Defender; Donna Domonkos, Appellate Counsel; Diane Courselle, Director, Wyoming Defender Aid Program; Justin Kallal, Student Intern; and Melody Gallegos, Student Intern, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; T. Alan Elrod, Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Brent Thomas, Student Intern, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Kari Brown, was charged with felony larceny, conspiracy to commit felony larceny, and felony taking or disposing of property. She appeals only the convictions for felony larceny and conspiracy to commit felony larceny. Finding plain error in the district court's failure to instruct the jury as to its duties under the aggregation statute, Wyo. Stat. Ann. § 6–3–410 (LexisNexis 2001), we reverse both convictions and remand for a new trial.

### ISSUES

[¶ 2]    The appellant has raised the following issues in this appeal:

I.   Did the trial court commit plain error when it failed to instruct the jury on the law of aggregation and what constitutes a common scheme for the purposes of determining the value of property in a trial for felony larceny and conspiracy to commit felony larceny?

II. Did the Prosecutor's closing argument misstate the law and increase the odds of the jury improperly aggregating the values of the property when the prosecutor suggested that the jury could arbitrarily aggregate the value of any property it saw fit?

III. Did the State fail to prove every element of the crime as charged in counts I and II beyond a reasonable doubt, therefore, requiring Ms. Brown's conviction to be overturned on sufficiency of the evidence grounds?

The State's statement of the issues is similar:

I. Was the jury properly instructed on the elements of the crimes of larceny and conspiracy to commit larceny, including the respective property values it must find for the crimes to constitute felonies?

II. Did the State commit plain error in closing argument?

III. Was the evidence sufficient to permit the jury to find appellant guilty of larceny of property of the value of $500.00 or more, and of conspiracy to commit larceny of property of the value of $500.00 or more?

## FACTS

[¶ 3] The appellant was charged with stealing property valued over $500.00 and conspiracy to steal property valued over $500.00, between March 1, 2000, and May 12, 2000. The theory of the State's case, and the State's evidence at trial, was that the appellant and several acquaintances, including store clerks, agreed to remove property from the Pamida store in Worland without paying for that property. Execution of a search warrant at the appellant's residence later turned up numerous items identified as having been stolen from Pamida.

## RELEVANT STATUTES

[¶ 4] Larceny is defined in Wyo. Stat. Ann. § 6-3-402(a) (LexisNexis 2001):

A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

The gradations of the crime of larceny, for punishment purposes, are found in subsection (c) of the same statute:

Except as provided by subsection (e) of this section, larceny is:

(i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is five hundred dollars ($500.00) or more; or

\* \* \*

(iii) A misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both, if the value of the property is less than five hundred dollars ($500.00).

Wyo. Stat. Ann. § 6-3-402(c).

[¶ 5] Clearly, the difference between felony larceny and misdemeanor larceny is the value of the property stolen—if $500.00 or more, it is a felony; if less than $500.00, it is a misdemeanor. In determining the value of stolen property, Wyo. Stat. Ann. § 6-3-410 applies:

The amount of property involved in violations of W.S. 6-3-402 through 6-3-404 and 6-3-406 through 6-3-408 *committed pursuant to a common scheme or the same transaction,* whether the property is taken from the same person or different persons, may be aggregated in determining the value of the property.

(Emphasis added.)

[¶ 6] The crime of conspiracy is defined in Wyo. Stat. Ann. § 6-1-303(a) (LexisNexis 2001):

A person is guilty of conspiracy to commit a crime if he agrees with one (1) or more persons that they or one (1) or more of them will commit a crime and one (1) or more of them does an overt act to effect the objective of the agreement.

Pursuant to Wyo. Stat. Ann. § 6-1-304 (LexisNexis 2001), the gradations of conspiracy for punishment purposes are the same as the underlying crime:

The penalty for attempt, solicitation or conspiracy is the same as the penalty for the most serious crime which is attempted, solicited or is an object of the conspiracy....

## DISCUSSION

[¶ 7]   On October 13, 2000, the State filed its proposed jury instructions, along with a proposed verdict form.   Seventeen jury instructions were listed, including several defining statutory terms and elements.   No jury instruction based on the aggregation concept of Wyo. Stat. Ann. § 6–3–410 was included.   There is nothing in the record to indicate that the appellant filed any proposed jury instructions.   The only indication that a jury instruction conference took place is the following comment by the district court after the evidence was closed:

> We're going to take a short recess and counsel and I are going to decide upon the instructions to give you.   That shouldn't take but a few minutes, and so we'll ask that the Bailiff conduct you to [the] jury room.

[¶ 8]   The district court eventually read eighteen instructions to the jury.   In form, most are identical to the ones submitted by the State.   Two of the jury instructions and the verdict form are different.   No jury instruction was given concerning aggregation of values.

[¶ 9]   We have a well-established standard for review of jury instruction issues:

> Jury instructions should inform the jurors concerning the applicable law so that they can apply that law to their findings with respect to the material facts, instructions should be written with the particular facts and legal theories of each case in mind and often differ from case to case since any one of several instructional options may be legally correct, a failure to give an instruction on an essential element of a criminal offense is fundamental error, as is a confusing or misleading instruction, and the test of whether a jury has been properly instructed on the necessary elements of a crime is whether the instructions leave no

doubt as to the circumstances under which the crime can be found to have been committed.

*Mueller v. State,* 2001 WY 134, ¶ 9, 36 P.3d 1151, 1155 (Wyo.2001) (*citing Schmidt v. State,* 2001 WY 73, ¶ 23, 29 P.3d 76, 83 (Wyo.2001) and *Metzger v. State,* 4 P.3d 901, 908 (Wyo.2000)).   We analyze jury instructions as a whole and do not single out individual instructions or parts thereof.   *Ogden v. State,* 2001 WY 109, ¶ 8, 34 P.3d 271, 274 (Wyo.2001).   We give trial courts great latitude in instructing juries and " 'will not find reversible error in the jury instructions as long as the instructions correctly state the law and the entire set of instructions sufficiently covers the issues which were presented at the trial.' "   *Id.* (*quoting Harris v. State,* 933 P.2d 1114, 1126 (Wyo.1997)).

[¶ 10]   Since the appellant did not object at trial to any of the jury instructions that were given, or any that may not have been given, our review of this issue follows our plain error standard:

> "First, the record must clearly present the incident alleged to be error.   Second, appellant must demonstrate that a clear and unequivocal rule of law was violated in a clear and obvious, not merely arguable, way.   Last, appellant must prove that he was denied a substantial right resulting in material prejudice against him."

*Ogden,* 2001 WY 109, ¶ 9, 34 P.3d at 274 (*quoting In Interest of CB,* 749 P.2d 267, 268–69 (Wyo.1988)).

[¶ 11]   The problem presented by this case is quite simple.   Many things were stolen from Pamida at different times over a lengthy period.   Many people were involved. Since no single item was valued at $500.00 or more, the appellant cannot be guilty of felony larceny, or conspiracy to commit felony larceny, unless the amounts can be aggregated under Wyo. Stat. Ann. § 6–3–410 based on a finding that the property was stolen "pursuant to a common scheme...."   That question—whether the items were stolen pursuant to a common scheme—is a fact question that must be determined by the jury.   *State v. Lloyd,* 103 Idaho 382, 647 P.2d 1254, 1255 (1982); *State v. Garman,* 100 Wash.App. 307, 984 P.2d 453, 457 (1999).

[¶ 12] Wyoming Criminal Pattern Jury Instruction 34.02D, which was not given in this case, makes it clear for the jury that the fact of a common scheme must be proven beyond a reasonable doubt:

> In determining the value of property obtained through [OFFENSE CHARGED], if you find beyond a reasonable doubt that the Defendant engaged in a common scheme or single transaction involving [OFFENSE CHARGED] of the property of one or more persons, you may consider all such property taken in finding the value of the property.

If the jury is not so instructed, it does not know what it must find to make several separate misdemeanors into one single felony. In the similar situation of aggregation in a case of misdemeanor or felony property destruction, this Court has approved a jury instruction that incorporated the common scheme language into the elements instruction. *Christian v. State*, 883 P.2d 376, 379 (Wyo.1994).[1] We do not hold that one way or the other is necessarily preferable, but we do hold that, either as a separate instruction along the lines of W.Cr.P.J.I. 34.02D, or as part of the elements instruction, the jury in an aggregation case must be instructed that aggregation cannot occur unless it finds a common scheme, beyond a reasonable doubt.

[¶ 13] The State suggests that it was not plain error by the district court not to give an aggregation instruction, both because there was no clear precedent in Wyoming that said such an instruction had to be given and because the appellant was not prejudiced by the failure. We disagree. Wyoming law could not be more clear that a jury must be instructed so as to "leave no doubt as to the circumstances under which the crime can be found to have been committed." *Mueller*, 2001 WY 134, ¶ 9, 36 P.3d at 1155. The instructions must " 'sufficiently cover[ ] the issues which were presented at the trial.' " *Ogden*, 2001 WY 109, ¶ 8, 34 P.3d at 274 (*quoting Harris*, 933 P.2d at 1126). Here, a primary issue was whether the appellant had stolen $500.00 worth of property pursuant to a common scheme. The jury was not properly instructed as to how to resolve that issue. And since we do not know how, or even if, the jury addressed that issue, we can have no faith in the verdict. The appellant was prejudiced and her convictions must be reversed.

[¶ 14] Given this resolution of the first issue, we need not address the other two issues. The giving of an aggregation instruction upon retrial, coupled with proper argument based on that jury instruction, likely will resolve the additional concerns raised by the appellant.

## CONCLUSION

[¶ 15] The district court committed plain error in not instructing the jury that it had to find "a common scheme or the same transaction" before the values of the stolen property could be aggregated under Wyo. Stat. Ann. § 6–3–410.

[¶ 16] Reversed and remanded.

---

1. In *Christian*, 883 P.2d at 379, Jury Instruction No. 12 stated, in part:
   > The necessary elements of the crime of Destruction of Property in Count II of the Information are:

* * *

2. That the Defendant knowingly, and pursuant to a common scheme, did knowingly deface, injure or destroy....