# IN THE SUPREME COURT, STATE OF WYOMING

# 2019 WY 110

**OCTOBER TERM, A.D. 2019**

**October 28, 2019**

CHRISTOPHER GORE,

Appellant
(Defendant),

v.

S-19-0010

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*
Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Benjamin Fischer, Assistant Attorney General. Argument by Mr. Fischer.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Christopher Gore agreed to renovate a home and to use materials separately purchased by the homeowners as a reduction to his bid price.  He later took the materials to a retailer and, in two different transactions, returned them for more than $1000.  Following a bench trial, the district court convicted Mr. Gore of one count of felony theft.  Mr. Gore argues that the evidence was insufficient to establish that he intentionally stole the materials and that the district court erred in aggregating the returns to arrive at a felony dollar amount without an explicit finding of a "common scheme."  We affirm.

## *ISSUES*

[¶2]   Mr. Gore raises two issues on appeal:

1.   Was the evidence sufficient to establish that Mr. Gore intentionally stole the property?

2.   Was an explicit finding of a common scheme required to aggregate the value of the stolen property?

## *FACTS*

[¶3]   Brigitte and Mark McClintock planned to renovate a townhouse they owned in Gillette, Wyoming.  They purchased materials because they intended to do the work themselves.  Eventually, they decided to hire a general contractor to complete the job and contacted Mr. Gore.[1]   He offered to complete the renovation for $30,000.   The McClintocks negotiated, asking him to use the materials they had previously purchased as an offset to the bid price.  Mr. Gore agreed and entered into a renovation contract with the McClintocks for $28,000, which included all materials and labor, payable in advance.

[¶4]   Almost immediately problems arose.  Mr. Gore demanded more money.  He required the McClintocks to purchase additional materials and refused to explain why the purchases were not covered by the contract.  He barred the McClintocks from the work site after they expressed dissatisfaction with his work.

[¶5]   Things came to a head when Mr. Gore claimed one of his workers had been injured on the job.  Concerned about the safety of the work site, the McClintocks contacted the city of Gillette and the city conducted an inspection.  The city identified five building code violations and ordered the work cease and desist.

---

[1] Mr. Gore represented himself as a general contractor but was not a licensed general contractor.

[¶6]   On the same day the cease and desist order issued, Ms. McClintock performed a walk-through of the property, where she observed the materials she and her husband had purchased along with other construction materials.  The next day most of these were gone.

[¶7]   An investigation revealed that Mr. Gore had taken the materials from the property, including those belonging to the McClintocks.  He returned the McClintocks' materials to a retailer in exchange for money on December 15, 2016, in two separate transactions.  One return occurred at 7:24 p.m. and the other at 7:29 p.m.  Together, the returns totaled more than $1000.[2]

[¶8]   Following a bench trial, the district court found Mr. Gore guilty of felony theft of property over $1000 under Wyoming Statutes §§ 6-3-402(a), (c)(i), and 6-3-410 and sentenced him to serve between eighteen and thirty-six months of incarceration.  The district court suspended the sentence in favor of five years of supervised probation.  The court required Mr. Gore to pay restitution to the McClintocks and a $10,000 fine.  Mr. Gore timely appealed.

## DISCUSSION

### I.      Was the evidence sufficient to establish that Mr. Gore intentionally stole the property?

### A.      Standard of Review

[¶9]   In reviewing a claim that the evidence was not sufficient to support a guilty verdict after a bench trial, we apply the same standards used for a verdict after a jury trial.  *Faubion v. State*, 2010 WY 79, ¶ 12, 233 P.3d 926, 929 (Wyo. 2010); *Tennant v. State*, 776 P.2d 761, 763 (Wyo. 1989).

> We examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it.  We do not consider conflicting evidence presented by the defendant.  We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt.

---

[2] Theft under Wyo. Stat. Ann. § 6-3-402(c) is a felony "if the value of the property is one thousand dollars ($1,000.00) or more" and is treated as a misdemeanor "if the value of the property is less than one thousand dollars ($1,000.00)."  Wyo. Stat. Ann. § 6-3-402(c)(i), (iii) (LexisNexis 2019).

2

> This standard applies whether the supporting evidence
> is direct or circumstantial.

*Mraz v. State*, 2016 WY 85, ¶ 18, 378 P.3d 280, 286 (Wyo. 2016) (citations omitted).

> The question for this Court is not whether the evidence was sufficient to establish guilt beyond a reasonable doubt, rather it is whether the evidence could reasonably support such a finding by the factfinder. *Id.* ¶ 19, 378 P.3d at 296.

*Mathewson v. State*, 2018 WY 81, ¶¶ 15–16, 431 P.3d 1121, 1124 (Wyo. 2018).

## B. Discussion

[¶10] "A person is guilty of theft if he knowingly takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the other person of the property." Wyo. Stat. Ann. § 6-3-402(a) (LexisNexis 2019). Mr. Gore does not dispute that he returned the McClintocks' materials to a retailer for more than $1000. Instead, he claims that because he believed the materials became his on execution of the contract, he thought he was exchanging property that belonged to him and was acting in good faith without the intent to deprive the McClintocks of their property.

[¶11] As we stated in *Toth v. State*:

> Conviction with respect to a crime involving an element of specific intent requires the State to prove that the defendant intended to commit some further act, or achieve some additional purpose, beyond the prohibited conduct itself. A jury may properly infer larcenous intent from circumstantial evidence, such as the defendant's words and conduct. The wrongful taking of another's property with no apparent intention of returning it, and in the absence of any explanatory circumstances can support a finding of intent to deprive. The State is not required to produce direct evidence of the defendant's intent to deprive, because that would impose a nearly impossible burden to satisfy in many cases.

*Toth v. State*, 2015 WY 86A, ¶ 16, 353 P.3d 696, 702–03 (Wyo. 2015) (citations, footnote, and quotation marks omitted).

[¶12] The district court rejected Mr. Gore's argument that "upon execution of the contract, the property in question became that of the defendant," finding it "makes no sense."[3]  It is uncontested Mr. Gore agreed to use the McClintocks' materials in the renovation; the materials were removed the very night he was ordered to cease and desist work; and without the McClintocks' authorization, he exchanged them.  "We examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it," and "[w]e do not consider conflicting evidence presented by the defendant." *Mathewson*, ¶ 15, 431 P.3d at 1124 (citations omitted).  The court determined the property belonged to the McClintocks, Mr. Gore knew the property belonged to them, and despite that, he knowingly took the property, converted it to his own use, and deprived the owners of the use of the property.  Evidence was sufficient for the district court to find that Mr. Gore knowingly took the McClintocks' property "with the purpose of depriving" them of their property.  Wyo. Stat. Ann. § 6-3-402(a).

## II.    Was an explicit finding of a common scheme required to aggregate the value of the stolen property?

[¶13] Mr. Gore next argues the district court erred when it failed to explicitly find that the items were stolen pursuant to a "common scheme or the same transaction" under Wyo. Stat. Ann. § 6-3-410 when it aggregated the value of the stolen property. Aggregation of the value of stolen property is governed by Wyo. Stat. Ann. 6-3-410:

> The amount of property involved in violations of W.S. 6-3-402 through 6-3-404, 6-3-406 through 6-3-408 and 6-3-412 ***committed pursuant to a common scheme or the same transaction***, whether the property is taken from the same person or different persons, ***may be aggregated*** in determining the value of the property.

Wyo. Stat. Ann. § 6-3-410 (LexisNexis 2019) (emphasis added).  Whether the items were stolen pursuant to a common scheme "is a fact question that must be determined by the [factfinder]." *Brown v. State*, 2002 WY 61, ¶ 11, 44 P.3d 97, 100 (Wyo. 2002).

[¶14] Common scheme addresses the question of whether successive thefts over a period of time are pursuant to a single, continuous criminal plan.  If a trier of fact determines a

---

[3] To the extent the district court's finding reflects its assessment of Mr. Gore's credibility, "issues of credibility and the weight to be given to testimony are matters to be resolved by the trier of fact, not an appellate court.  Thus, we may not substitute our judgment for that of a trial court with respect to issues concerning credibility." *Levene v. Levene*, 2014 WY 161, ¶ 18, 340 P.3d 270, 275 (Wyo. 2014) (citations omitted).

series of thefts arise from such a plan, successive thefts are rendered a single theft.  Peter G. Guthrie, Annotation, *Series of Takings Over a Period of Time as Involving Single or Separate Larcenies*, 53 A.L.R.3d 398 (1973).

> The premise of [common scheme or] the single larceny doctrine is that "[a] series of larcenous acts will be considered a single count of larceny if they 'are done pursuant to a single impulse and in execution of a general fraudulent scheme.'"  The application of the doctrine is a fact specific analysis.

*Moore v. Commonwealth*, 722 S.E.2d 668, 672 (Va. Ct. App. 2012) (citations omitted).

[¶15] Mr. Gore does not argue the evidence was insufficient for the trial court to reasonably reach the conclusion that a common scheme existed.  Rather, he claims the ***failure to make an explicit finding*** is error.  Mr. Gore relies on *Brown v. State*, where we held the failure of the jury instructions to include the necessity of finding a "common scheme or the same transaction" was reversible error.  *Brown*, ¶ 12, 44 P.3d at 101.  In that case, many items were stolen by different people from a department store at various times over a lengthy period.  *Id.* ¶ 11, 44 P.3d at 100.  No single item was valued above the felony dollar amount.[4]  *Id.*  Because the existence of a common scheme must be proven beyond a reasonable doubt before aggregation can occur, we determined the district court erred when the jury was not so instructed.  *Id.* ¶ 13, 44 P.3d at 101.

[¶16] Here, no instruction was necessary.  The trial was to the district court, not a jury. A trial judge is presumed to know the law and to apply it properly.  *Walker v. Casto*, 372 P.2d 438, 440 (Colo. 1962).  "When the district court does not make specific factual findings, we will uphold its general ruling if the ruling is supported by any reasonable view of the evidence."  *Cohen v. State*, 2008 WY 78, ¶ 22, 191 P.3d 956, 961 (Wyo. 2008).  Other courts have held that "when a trial court makes no specific findings of fact, '[courts] will assume that the trial judge made those findings necessary to support the judgment.'"  *Merchants Bank v. Head*, 161 So. 3d 1151, 1154 (Ala. 2014) (citations omitted); *see also Whitt v. State ex rel. Wright*, 2001 WY 128, ¶ 12, 36 P.3d 617, 621 (Wyo. 2001) (citation omitted) ("[T]he findings of a trial judge concerning conclusions of law and disposition of the issues are presumptively correct . . . .").  "[T]his Court reviews a district court's findings and conclusions using a clearly erroneous standard for the factual findings and a *de novo* standard for the conclusions of law."  *Forbes v Forbes*, 2015 WY 13, ¶ 22, 341 P.3d 1041, 1050 (Wyo. 2015) (citing *Piroschak v. Whelan*, 2005 WY 26, ¶ 7, 106 P.3d 887, 890 (Wyo. 2005); *see also Gould v. Ochsner*, 2015 WY 101, ¶ 30, 354 P.3d 965, 974 n.5 (Wyo. 2015)).

---

[4] At the time *Brown* was decided, the felony dollar amount for theft was $500.  Wyo. Stat. Ann. § 6-3-402(c)(i); *Brown*, ¶ 4, 44 P.3d at 99.

[¶17] It is clear the district court found the existence of a common scheme. Although it made no explicit finding of a common scheme, it found the State proved each element of felony theft. The court further held that "[b]eyond a reasonable doubt the defendant took control over property, and *the value of that property was a thousand dollars or more*." (Emphasis added.) This finding was memorialized in the "Judgment Upon Guilty Verdict," where the district court found Mr. Gore guilty "in violation of Wyoming Statutes §§ 6-3-402(a), (c)(i), *and 6-3-410*." (Emphasis added.)

[¶18] We conclude the district court's ruling was supported by the only reasonable interpretation of the evidence. *Cohen*, ¶ 22, 191 P.3d at 961. It is uncontested Mr. Gore removed the property in a single night and returned the materials the next day in two transactions separated by five minutes. Based on the court's specific findings, including reference to Wyo. Stat. Ann. § 6-3-410, we conclude that the district court made the necessary finding of a common scheme, its finding was not clearly erroneous, and that a more specific reference to a common scheme for the two exchanges was not required.

## *CONCLUSION*

[¶19] The evidence was sufficient to support Mr. Gore's conviction for felony theft and the court's order contained sufficient finding of a common scheme.